1    James M. Lindsay, State Bar No. 164758
       jlindsay@lindstonelaw.com
2    Gene J. Stonebarger, State Bar No. 209461
       gstonebarger@lindstonelaw.com
3    Richard D. Lambert, State Bar No. 251148
       rlambert@lindstonelaw.com
4    LINDSAY & STONEBARGER
       A Professional Corporation
5    620 Coolidge Drive, Suite 225
       Folsom, CA 95630
6    Tel: (916) 294-0002; Fax: (916) 294-0012

7    Attorneys for Plaintiff Michael Swaney and the Class

8    [Additional Counsel listed on next page]

9               **UNITED STATES DISTRICT COURT**

10      **EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION**

11

12 | In Re: PAYLESS SHOESOURCE, INC., CALIFORNIA SONG-BEVERLY CREDIT CARD ACT LITIGATION | Case No. 09-MD-02022 FCD (GGH) |
|---|---|

**CLASS ACTION**

(This document relates to ALL ACTIONS)

**CONSOLIDATED CLASS ACTION COMPLAINT FOR CIVIL PENALTIES, DAMAGES, AND INJUNCTIVE RELIEF [CIVIL CODE § 1747.08; AND INVASION OF PRIVACY]**

**DEMAND FOR JURY TRIAL**

MICHAEL SWANEY, on behalf of himself and others similarly situated,

           Plaintiff,

    v.

PAYLESS SHOESOURCE, INC., a Missouri corporation; and DOES 1 through 50, inclusive,

           Defendants.

Case No. 08-CV-02672 FCD (GGH)

JESSICA R. CLARK, individually and on behalf of all others similarly situated,

           Plaintiff,

    v.

PAYLESS SHOESOURCE, INC.; and DOES 1 through 100 inclusive,

Defendants.

Case No. 09-CV-01040 FCD (GGH)

*(Left margin, vertical text:)* LINDSAY & STONEBARGER   A Professional Corporation

1   James R. Patterson, State Bar No. 211102
    jpatterson@hpolaw.com
2   HARRISON PATTERSON O'CONNOR & KINKEAD LLP
    402 West Broadway, 29th Floor
3   San Diego, CA 92101
    Tel: (619) 756-6990; Fax:  (619) 756-6991
4
    Attorneys for Plaintiff Michael Swaney and the Class
5
    Douglas A. Linde, State Bar No. 217584
6   dal@lindelaw.net
    Erica L. Allen, State Bar No. 234922
7   ela@lindelaw.net
    THE LINDE LAW FIRM
8   9000 Sunset Blvd., Suite 1025
    Los Angeles, CA 90069
9   Tel: (310) 203-9333; Fax: (310) 203-9233

10  Attorneys for Plaintiff Jessica R. Clark and the Class

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LINDSAY & STONEBARGER
A Professional Corporation

In Re: PAYLESS 1747.08 LITIGATION,
Case No. 09-MD-02022 FCD (GGH)

2

CONSOLIDATED CLASS ACTION
COMPLAINT; DEMAND FOR JURY TRIAL

1   Plaintiffs Michael Swaney and Jessica Clark, on behalf of themselves and all others

2   similarly situated, complain and allege upon information and belief based, among other things,

3   upon the investigation made by Plaintiffs by and through their respective attorneys, as follows:

4   **I.   INTRODUCTION**

5   1.   California Civil Code section 1747.08 generally states that when a merchant is

6   engaged in a retail transaction with a customer, the merchant may not request personal

7   identification information from a customer paying for goods with a credit card, and then record

8   that personal identification information upon the credit card transaction form or otherwise.[1]

9   2.   Defendant operates retail stores throughout California.  Defendant is engaging in

10   a pattern of unlawful and deceptive business practices by utilizing a "Telephone Number Capture

11   Policy" whereby Defendant's cashiers both request and record credit card numbers and telephone

12   numbers from customers using credit cards at the point-of-sale in Defendant's retail

13   establishments.  Defendant then uses the illegally obtained telephone numbers from its customers

14   for marketing purposes by making unsolicited telephone calls to its customers and engaging in

15   "reverse searching" to covertly determine its customers' home addresses, among other things.

16   3.   This action arises from Defendant's violations of California Civil Code section

17   1747.08 by and through Defendant's requesting and recording of Plaintiffs' and the Class

18   members' credit card numbers and telephone numbers during the point-of-sale process at

19   Defendant's retail establishments.

20   4.   Plaintiffs do not seek any relief greater than or different from the relief sought for

21   the Class of which Plaintiffs are members.  If successful, this action will enforce an important

22   right affecting the public interest and will confer a significant benefit, whether pecuniary or non-

---

[1] California Civil Code section 1747.08 states in relevant part:
"(a) Except as provided in subdivision (c), no person, firm, partnership, association, or corporation which accepts credit cards for the transaction of business shall do either of the following:
(2) Request, or require as a condition to accepting the credit card as payment in full or in part for goods or services, the cardholder to provide personal identification information, which the person, firm, partnership, association, or corporation accepting the credit card writes, causes to be written, or otherwise records upon the credit card transaction form or otherwise.
(b) For purposes of this section 'personal identification information,' means information concerning the cardholder, other than information set forth on the credit card, and including, but not limited to, the cardholder's address and telephone number."

LINDSAY & STONEBARGER
A Professional Corporation

1 pecuniary, on a large class of persons.  Private enforcement is necessary and places a

2 disproportionate financial burden on Plaintiffs in relation to Plaintiffs' stake in the matter.

3 **II.**　　**JURISDICTION AND VENUE**

4 　　　　5.　　Plaintiffs are informed and believe that Defendant's principal place of business is

5 in California.  Defendant has accepted credit cards for the transaction of business throughout

6 California. This Court has personal jurisdiction over Defendant, because it committed many of

7 the wrongs complained of herein within California, it has several physical facilities in California,

8 does extensive business in California, has sufficient minimum contacts with California, and

9 otherwise intentionally avails itself of the markets in California through the promotion,

10 marketing, sale, and distribution of goods and services in California to render the exercise of

11 jurisdiction by the California courts permissible under traditional notions of fair play and

12 substantial justice.

13 **III.**　　**THE PARTIES**

14 　　　　**A.**　　**Plaintiffs**

15 　　　　6.　　Plaintiff Michael Swaney (herein referred to as "Plaintiff Swaney") is a resident

16 of Placer County, and entered into a retail transaction with Defendant at one of Defendant's

17 California stores located in Placer County.

18 　　　　7.　　Plaintiff Jessica R. Clark (herein referred to as "Plaintiff Clark") is a resident of

19 Los Angeles County, and entered into a retail transaction with Defendant at one of Defendant's

20 California stores located in Los Angeles County.

21 　　　　8.　　Plaintiffs bring this class action against Defendant, pursuant to California Code of

22 Civil Procedure section 382, on behalf of themselves and all persons in California from whom

23 Defendant requested and recorded personal identification information in conjunction with a

24 credit card transaction during the period of time beginning September 29, 2006 through the date

25 of trial (herein referred to as the "Class").  Excluded from the Class are Defendant, its corporate

26 parents, subsidiaries and affiliates, officers and directors, any entity in which Defendant has a

27 controlling interest, and the legal representatives, successors or assigns of any such excluded

28 persons or entities.

LINDSAY & STONEBARGER
A Professional Corporation

**B.    Defendant**

9.    Defendant Payless ShoeSource, Inc. (herein referred to as "Defendant"), is a Missouri corporation, and does business throughout the state of California.  Plaintiffs are informed and believe that Defendant's principal place of business is in California.  Defendant operates retail stores throughout California.

**C.    Doe Defendants**

10.    Except as described herein, Plaintiffs are ignorant of the true names of Defendants sued as DOES 1 through 50, inclusive, and the nature of their wrongful conduct, and therefore sues these DOE Defendants by such fictitious names.  Plaintiffs will seek leave of the Court to amend this complaint to allege their true names and capacities when ascertained.

**D.    Agency/Aiding And Abetting**

11.    At all times herein mentioned, Defendants, and each of them, were an agent or joint venturer of each of the other Defendants, and in doing the acts alleged herein, were acting within the course and scope of such agency.  Each Defendant had actual and/or constructive knowledge of the acts of each of the other Defendants, and ratified, approved, joined in, acquiesced and/or authorized the wrongful acts of each co-Defendant, and/or retained the benefits of said wrongful acts.

12.    Defendants, and each of them, aided and abetted, encouraged and rendered substantial assistance to the other Defendants in breaching their obligations to Plaintiffs and the Class, as alleged herein.  In taking action, as particularized herein, to aid and abet and substantially assist the commissions of these wrongful acts and other wrongdoings complained of, each of the Defendants acted with an awareness of his/its primary wrongdoing and realized hat his/her/its conduct would substantially assist the accomplishment of the wrongful conduct, wrongful goals, and wrongdoing.

**IV.    CONDUCT GIVING RISE TO VIOLATIONS OF THE LAW**

**A.    Plaintiff Swaney's Contact with Defendant**

13.    On or about September 15, 2008, Plaintiff Swaney went to Defendant's retail store located in Placer County, California.

LINDSAY & STONEBARGER
A Professional Corporation

14.    Plaintiff Swaney entered Defendant's store and proceeded to select a product from the store that Plaintiff Swaney intended to purchase.

15.    After selecting an item, Plaintiff Swaney proceeded to the cashiers' section of Defendant's store to pay for the item selected through the use of a credit card.

16.    Defendant's employee saw that Plaintiff Swaney had selected a product that Plaintiff Swaney wished to purchase from Defendant.  Defendant's employee rang up Plaintiff Swaney's item(s) and informed him of the amounts due.  Plaintiff Swaney proceeded to swipe his credit card into a credit card processing device, whereby his credit card number was recorded the into an electronic cash register at the checkout counter adjacent to both the employee and Plaintiff Swaney.

17.    Immediately thereafter, Defendant's employee then requested personal identification information from Plaintiff Swaney in the form of his telephone number, without informing Plaintiff Swaney of the consequences if he did not provide Defendant's employee with his personal identification information.  Plaintiff Swaney, believing that he was required to provide his personal identification information to complete the transaction, provided the requested information to Defendant's employee.

18.    Defendant's employee then typed and recorded Plaintiff Swaney's personal identification information into the same electronic cash register that previously recorded his credit card number.

19.    Defendant's employee and Plaintiff Swaney completed the transaction and Plaintiff Swaney left Defendant's store with his purchased product.

**B.    Plaintiff Clark's Contact with Defendant**

20.    On or about November 3, 2008, Plaintiff Clark went to Defendant's retail store located in Los Angeles County, California.

21.    Plaintiff Clark entered Defendant's store and proceeded to select a product from the store that Plaintiff Clark intended to purchase.

22.    After selecting an item, Plaintiff Clark proceeded to the cashiers' section of Defendant's store to pay for the item selected through the use of a credit card.

LINDSAY & STONEBARGER
A Professional Corporation

In Re: PAYLESS 1747.08 LITIGATION,
Case No. 09-MD-02022 FCD (GGH)                4                CONSOLIDATED CLASS ACTION
COMPLAINT; DEMAND FOR JURY TRIAL

23.     Defendant's employee saw that Plaintiff Clark had selected a product that Plaintiff Clark wished to purchase from Defendant.  Defendant's employee rang up Plaintiff Clark's item(s) and informed her of the amounts due.  Plaintiff Clark proceeded to swipe her credit card into a credit card processing device, whereby her credit card number was recorded the into an electronic cash register at the checkout counter adjacent to both the employee and Plaintiff Clark.

24.     Immediately thereafter, Defendant's employee then requested personal identification information from Plaintiff Clark in the form of her telephone number, without informing Plaintiff Clark of the consequences if she did not provide Defendant's employee with her personal identification information.  Plaintiff Clark, believing that she was required to provide her personal identification information to complete the transaction, provided the requested information to Defendant's employee.

25.     Defendant's employee then typed and recorded Plaintiff Clark's personal identification information into the same electronic cash register that previously recorded her credit card number.

26.     Defendant's employee and Plaintiff Clark completed the transaction and Plaintiff Clark left Defendant's store with her purchased product.

## V.     PLAINTIFF'S CLASS ACTION ALLEGATIONS

27.     This lawsuit is brought on behalf of an ascertainable statewide class consisting of all persons in California from whom Defendant requested and recorded personal identification information in conjunction with a credit card transaction during the period of time beginning September 29, 2006, through the date of trial (herein referred to as the "Class").  Excluded from the Class are Defendant, its corporate parents, subsidiaries and affiliates, officers and directors, any entity in which Defendant has a controlling interest, and the legal representatives, successors or assigns of any such excluded persons or entities.

28.     The members of the Class are so numerous that joinder of all members is impracticable.  While the exact number of Class members is unknown to Plaintiffs at this time, such information can be ascertained through appropriate discovery, from records maintained by

LINDSAY & STONEBARGER
A Professional Corporation

1  Defendant and its agents.

2        29.    A class action is superior to other available methods for the fair and efficient

3  adjudication of this controversy because joinder of all members is impracticable, the likelihood

4  of individual Class members prosecuting separate claims is remote and individual Class

5  members do not have a significant interest in individually controlling the prosecution of separate

6  actions.  Relief concerning Plaintiffs' rights under the laws alleged herein and with respect to the

7  Class as a whole would be appropriate.  Plaintiffs know of no difficulty to be encountered in the

8  management of this action which would preclude its maintenance as a class action.

9        30.    There is a well-defined community of interest among the members of the Class

10  because common questions of law and fact predominate, Plaintiffs' claims are typical of the

11  members of the Class, and Plaintiffs can fairly and adequately represent the interests of the Class.

12        31.    Common questions of law and fact exist as to all members of the Class and

13  predominate over any questions affecting solely individual members of the Class.  Among the

14  questions of law and fact common to the Class are:

15        a.   whether each Class member engaged in a credit card transaction with

16  Defendant;

17        b.   whether Defendant requested the cardholder to provide personal identification

18  information and recorded the personal identification of the cardholder, during credit card

19  transactions with Class members; and

20        c.   whether Defendant's conduct of requesting the cardholder to provide personal

21  identification information during credit card transactions and recording the personal

22  identification information of the cardholder constitutes violations of California Civil Code

23  section 1747.08.

24        32.    Plaintiffs' claims are typical of those of the other Class members because

25  Plaintiffs, like every other Class member, were exposed to virtually identical conduct and is

26  entitled to civil penalties in amounts of up to one thousand dollars ($1,000) per violation

27  pursuant to California Civil Code section 1747.08(e).

28  / / /

LINDSAY & STONEBARGER
A Professional Corporation

1   33.   Plaintiffs can fairly and adequately represent the interests of the Class, they have

2   no conflicts of interest with other Class members, and have retained counsel competent and

3   experienced in class action and civil litigation.

4                    **FIRST CAUSE OF ACTION FOR VIOLATIONS OF**
                     **CALIFORNIA CIVIL CODE § 1747.08**
5                    **[SONG-BEVERLY CREDIT CARD ACT OF 1971]**

6   34.   Plaintiffs refer to and incorporates by reference as though set forth fully herein

7   paragraphs 1 through 33 of this Complaint.

8   35.   California Civil Code section 1747.08 prohibits any corporation, which accepts

9   credit cards for the transaction of business, from requesting the cardholder to provide personal

10  identification information which the corporation then records in conjunction with a credit card

11  transaction.

12  36.   Defendant is a corporation that accepts credit cards for the transaction of business.

13  During credit card transactions entered into at Defendant's stores on each and every day during

14  the one-year period preceding the filing of this class action complaint through the present,

15  Defendant utilized, and continues to utilize, an "Telephone Number Capture Policy" whereby

16  Defendant's cashiers both request and record telephone numbers and credit card numbers from

17  customers using credit cards at the point-of-sale in Defendant's retail establishments.

18  37.   It is and was Defendant's routine business practice to intentionally engage in the

19  conduct described in this cause of action with respect to every person who, while using a credit

20  card, purchases any product from any of Defendant's stores in the State of California.

21  38.   Due to Defendant's violations as set forth herein, Plaintiffs and the Class are

22  entitled to civil penalties in amounts of up to one thousand dollars ($1,000) per violation

23  pursuant to California Civil Code section 1747.08(e).

24       WHEREFORE, Plaintiffs and the Class pray for relief as set forth below.

25  / / /

26  / / /

27  / / /

28  / / /

LINDSAY & STONEBARGER
A Professional Corporation

## SECOND CAUSE OF ACTION FOR VIOLATIONS OF
## FOR INVASION OF THE CONSTITUIONAL RIGHT TO PRIVACY

39.     Plaintiffs refer to and incorporates by reference as though set forth fully herein paragraphs 1 through 38 of this Complaint.

40.     The right to privacy is protected by the California Constitution, Article I, Section 1.

41.     At all times herein mentioned and up to an including the present, Plaintiffs have a legally protected interest in their ability to control the dissemination of their personal and private information, including the right to privacy in their home addresses.

42.     At all times herein mentioned and up to an including the present, Plaintiffs had a reasonable expectation of privacy in their personal and private information including, but not limited to, their home addresses.

43.     During credit card transactions entered into at Defendant's stores on each and every day during the two-year period preceding the filing of this class action complaint through the present, Defendant invaded Plaintiffs' and the Class members' constitutionally guaranteed right to privacy by wrongfully requesting and recording their personal identification information, and subsequently engaging in a "reverse search" to covertly determine Plaintiffs' and Class members' home addresses.

44.     Specifically, after acquiring telephone numbers from Plaintiffs and members of the Class at the point of sale, Defendant utilized customized computer software to perform reverse searches from "data warehousing" or "data mining" databases.  These databases contain millions of names, telephone numbers, e-mail addresses and residential addresses, and are indexed in a manner that resembles a reverse telephone book.  Essentially, Defendant's software matched the respective Class member's now-known name and telephone number with said Class member's previously unknown address, thereby covertly giving Defendant access to the Class members' names and addresses, among other personal identification information.

45.     The conduct of Defendant, in conducting these "reverse searches" to determine Plaintiffs' and the Class members' home addresses as described herein, constituted a serious invasion of Plaintiffs' right to privacy and an egregious breach of social norms.

/ / /

LINDSAY & STONEBARGER
A Professional Corporation

46.     As a proximate result of Defendant's above acts, Plaintiffs' and Class members' addresses were viewed, printed, distributed, and used by Defendant for its own profit, in violation of their constitutionally guaranteed right to privacy causing Plaintiffs and the Class to be generally damaged in an amount according to proof.

47.     The acts of Defendant, were willful, wanton, malicious and oppressive, and justify an award of exemplary and punitive damages

48.     Unless and until enjoined, and restrained by order of this Court, Defendant's wrongful conduct will continue to cause Plaintiffs, members of the Class, and members of the public great and irreparable injury in that the personal identification information maintained by Defendant can be viewed, printed, distributed, and sold by Defendant.  Plaintiffs and members of the Class have no adequate remedy at law for the injuries in that a judgment for the monetary damages will not end the invasion of privacy for Plaintiffs, the Class, and the public.

WHEREFORE, Plaintiffs and the Class pray for relief as set forth below.

## PRAYER FOR RELIEF

PLAINTIFFS AND THE CLASS pray for judgment against Defendant as follows:

**As to the First Cause of Action**

1.     That the Court award to Plaintiffs and to each member of the Class the civil penalty to which he or she is entitled under California Civil Code section 1747.08(e);

**As to the Second Cause of Action**

2.     That the Court preliminarily and permanently enjoin Defendant from utilizing an "Telephone Number Capture Policy" whereby Defendant's cashiers both request and record personal identification information and credit card numbers from customers using credit cards at the point-of-sale in Defendant's retail establishments;

3.     For general damages according to proof;

4.     For special damages according to proof;

5.     For exemplary or punitive damages;

**As to All Causes of Action**

6.     That the Court certifies this action as a class action;

LINDSAY & STONEBARGER
A Professional Corporation

In Re: PAYLESS 1747.08 LITIGATION,
Case No. 09-MD-02022 FCD (GGH)

9

CONSOLIDATED CLASS ACTION
COMPLAINT; DEMAND FOR JURY TRIAL

7.      For distribution of any moneys recovered on behalf of the Class of similarly situated consumers via fluid recovery or *cy pres* recovery where necessary to prevent Defendant from retaining the benefits of its wrongful conduct;

8.      For an award of attorneys' fees as authorized by statute including, but not limited to, the provisions of California Code of Civil Procedure section 1021.5, and as authorized under the "common fund" doctrine, and as authorized by the "substantial benefit" doctrine;

9.      For costs of the suit;

10.     For prejudgment interest at the legal rate;

11.     And for such other relief as the Court may deem proper.


Dated:  June 24, 2009                         LINDSAY & STONEBARGER, APC
                                              HARRISON PATTERSON & O'CONNOR LLP
                                              THE LINDE LAW FIRM

                                              By:   /s/  Douglas A. Linde
                                                    Douglas A. Linde
                                                    Attorneys for Plaintiffs and the Class


## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury on all claims so triable.


Dated:  June 24, 2009                         LINDSAY & STONEBARGER, APC
                                              HARRISON PATTERSON & O'CONNOR LLP
                                              THE LINDE LAW FIRM

                                              By:   /s/  Douglas A. Linde
                                                    Douglas A. Linde
                                                    Attorneys for Plaintiffs and the Class

LINDSAY & STONEBARGER
A Professional Corporation