IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re: PAYLESS SHOESOURCE, INC., CALIFORNIA SONG-BEVERLY CREDIT CARD ACT LITIGATION, | No. 09 MD-2022 FCD GGH |
| MICHAEL SWANEY, on behalf of himself and others similarly situated, | |
| Plaintiff, | No. CIV S-08-2672 FCD GGH |
| vs. | |
| PAYLESS SHOESOURCE, INC., | |
| Defendant. | |
| _____/ | |
| JESSICA CLARK, individually and on behalf of all others similarly situated, | |
| Plaintiff, | No. CIV S-09-1040 FCD GGH |
| vs. | |
| PAYLESS SHOESOURCE, INC., | ORDER |
| Defendant. | |
| _____/ | |

The parties have sought to have the court sign a protective order where documents designated by the parties as "confidential," or "highly confidential" are automatically filed under

1

seal. Some protective orders enable the parties to designate so much material as "confidential" that, in essence, entire case filings are sealed. The protective order submitted by the parties has the same potential problem. This court will not approve a protective order giving blanket authority to the parties to designate what shall be filed under seal.[1]

Discovery information disclosed in court filings generally is available to the public. See San Jose Mercury News, Inc. v. United States Dist. Ct., 187 F.3d 1096, 1103 (9th Cir.1999) ("[i]t is well-established that the fruits of pre-trial discovery are, in the absence of a court order to the contrary, presumptively public").[2]

Protective orders safeguard the parties and other persons in light of the otherwise broad reach of discovery. United States v. CBS, Inc., 666 F.2d 364, 368-69 (9th Cir. 1982). The court has great discretion to issue protective orders if discovery causes annoyance, embarrassment, oppression, undue burden, or expense. B.R.S. Land Investors v. United States, 596 F.2d 353, 356 (9th Cir. 1979). Good cause, however, is required to obtain a protective order. Fed. R. Civ. P. 26(c); Foltz v State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1130 (9th Cir. 2003); Phillips v. General Motors Corp., 307 F.3d 1206, 1210 (9th Cir. 2002) ("Generally, the public can gain access to litigation documents and information produced during discovery unless the party opposing disclosure shows 'good cause' why a protective order is necessary").

"Good cause" to bar the public from litigation documents must be more than mere desire. The party seeking protection must show specific prejudice or harm, including, with respect to individual documents, particular and specific need. Id.; San Jose Mercury News, Inc., 187 F.3d at 1102; W.W. Schwarzer, A.W. Tashima & J. Wagstaffe, Federal Civil Procedure Before Trial § 11:88. "If a court finds particularized harm will result from disclosure of

---

[1] E.D. Cal. L.R. 39-140 and 39-141 deal with procedures to seal and not with the substantive standards for sealing.

[2] A party may have the right to protect from public disclosure information which has been produced to the other party only because of discovery and which has not been filed with the court. Seattle Times v. Rhinehart, 467 U.S. 20, 33, 37, 104 S. Ct. 2199, 2207, 2209 (1984).

1  information to the public, then it balances the public and private interests to decide whether a
2  protective order is necessary." <u>Phillips</u>, 307 F.3d at 1211 (citing <u>Glenmade Trust Co. v.</u>
3  <u>Thompson</u>, 56 F.3d 476, 483 (3d Cir.1995) (factors)).
4        Indeed, when a protective order seeks to protect judicial records in dispositive
5  matters from public scrutiny, a higher "compelling reasons" standard applies – even "good
6  cause" is insufficient.  <u>Pintos v. Pacific Creditors Ass'n.</u>, 565 F.3d 1106, 1115 (9th Cir. 2009).
7        Accordingly, if the parties desire a protective order to be filed in this court, the
8  parties shall submit a protective order which permits a filing under seal only upon a
9  particularized showing of good cause, or if the information sought to be protected is to be used in
10 potentially dispositive matters, a showing of compelling reasons.
11       IT IS SO ORDERED.
12 Dated:  10/14/09

      <u>/s/ Gregory G. Hollows</u>
13       U.S. Magistrate Judge

14 GGH:076/Payless2022.po.wpd

3