1   Gene J. Stonebarger, State Bar No. 209461
    Richard D. Lambert, State Bar No. 251148
2   STONEBARGER LAW
    A Professional Corporation
3   75 Iron Point Circle, Suite 145
    Folsom, CA 95630
4   Telephone: (916) 235-7140
    Facsimile: (916) 235-7141
5
    James R. Patterson, State Bar No. 211102
6   HARRISON PATTERSON & O'CONNOR LLP
    402 West Broadway, 29th Floor
7   San Diego, CA 92101
    Telephone: (619) 756-6990
8   Facsimile: (619) 756-6991
9   Douglas A. Linde, State Bar No. 217584
    Erica L. Allen, State Bar No. 234922
10  THE LINDE LAW FIRM
    9000 Sunset Blvd., Suite 1025
11  Los Angeles, CA 90069
    Telephone: (310) 203-9333
12  Facsimile: (310) 203-9233
13  Attorneys for Plaintiffs and the Class
14
15              **UNITED STATES DISTRICT COURT**
16              **EASTERN DISTRICT OF CALIFORNIA**
                      **SACRAMENTO DIVISION**
17

| 18  In Re: PAYLESS SHOESOURCE, INC. CALIFORNIA SONG-BEVERLY CREDIT CARD ACT LITIGATION | **CLASS ACTION** |
|---|---|
| (This document relates to ALL ACTIONS) | Case No. 09-MD-02022 FCD (GGH) |
| | **DECLARATION OF GENE J. STONEBARGER IN SUPPORT OF PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** |
| | Date:   June 18, 2010 |
| | Time:   10:00 a.m. |

19
20
21
22
23
24
25
26
27
28

*STONEBARGER LAW*
*A Professional Corporation*

-1-

DECLARATION OF GENE J. STONEBARGER IN SUPPORT OF MOTION FOR
PRELIMINARY APPROVAL OF PROPOSED CLASS SETTLEMENT

1  MICHAEL SWANEY, on behalf of         Case No. 08-CV-02672 FCD (GGH)
   himself and others similarly situated,

2          Plaintiff,

3      v.

4  PAYLESS SHOESOURCE, INC., a
   Missouri corporation; and DOES 1
5  through 50, inclusive,

           Defendants.

6  JESSICA R. CLARK, individually and on   Case No. 09-CV-01040 FCD (GGH)
   behalf of all others similarly situated,
7
           Plaintiff,
8
       v.
9
   PAYLESS SHOESOURCE, INC.; and
10 DOES 1 through 100 inclusive,

           Defendants.

11

12

13  I, GENE J. STONEBARGER, declare:

14      1.      I am an attorney duly admitted to practice law before all courts of the State of

15  California, and am a shareholder in Stonebarger Law, A Professional Corporation (herein

16  "Stonebarger Law" or "Class Counsel"), and am one of the attorneys for Plaintiffs

17  Michael Swaney and Jessica Clark, and the Class herein.  I make this declaration in

18  support of Plaintiffs' Motion for Preliminary Approval of Class Action Settlement.  If

19  called as a witness, I would and could testify to the following:

20      2.      I have personally been involved in the prosecution of this Class Action since

21  its inception on September 29, 2008, and through to the present.

22      3.      After taking into account the factual information learned through informal

23  discovery, Class Counsel and Defendant's Counsel engaged in extensive arms-length

24  settlement negotiations, including participating in a Mediation session before the

25  Honorable Edward Infante (Ret.) of JAMS.  These negotiations ultimately resulted in a

26  formal settlement agreement.   A true and correct copy of the Settlement Agreement and

27  Release (herein the "Settlement Agreement") is attached hereto as Exhibit 1.

28

STONEBARGER LAW
A Professional Corporation

DECLARATION OF GENE J. STONEBARGER IN SUPPORT OF MOTION FOR
PRELIMINARY APPROVAL OF PROPOSED CLASS SETTLEMENT

4.      Plaintiffs and their counsel believe that the claims asserted against Defendant in this litigation have merit.  However, Plaintiffs and their counsel recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the litigation against Defendant through trial and through appeals.  Plaintiffs and their counsel also have taken into account the uncertain outcome and the risk of any litigation, especially in complex actions such as this Class Action, as well as the difficulties and delays inherent in such litigation.  This litigation involves complex class action issues, which would involve protracted risky litigation if not settled.  Moreover, in the event of any judgment against Defendant, an appeal could postpone any recovery for several years.

5.      The Settlement Agreement, and the terms thereof, were reached after strenuous advocacy of the litigation and extensive negotiations, of which I participated.  Plaintiffs and their counsel believe that the settlement set forth in the Settlement Agreement confers substantial benefits upon the Class Members, and is a fair, reasonable and adequate resolution of the Class claims against Defendant.  As such, the settlement is entitled to a good-faith determination.

6.      Defendant has agreed to pay Class Counsel total attorneys' fees and costs of $285,000.00, to be paid separate and apart from the Class benefits, subject to Court approval.  After the parties had agreed to all material terms relating to Class compensation and notice, the parties met and conferred through arms-length negotiations, with the assistance of Judge Infante, and agreed that a fee award of $285,000.00 to Class Counsel represents a fair and commensurate amount in view of the nature of the action and the results achieved for the benefit of California consumers.  The three (3) separate law firms of Stonebarger Law, APC, Harrison, Patterson, & O'Connor LLP, and Linde Law Firm, have expended a substantial amount of time and effort in prosecuting this action and achieving substantial benefits for the Class.  This fee is reasonable and appropriate based on the risk of the litigation, its complexity and the substantial benefit obtained for the Class.

DECLARATION OF GENE J. STONEBARGER IN SUPPORT OF MOTION FOR
PRELIMINARY APPROVAL OF PROPOSED CLASS SETTLEMENT

STONEBARGER LAW
A Professional Corporation

7.      I have extensive experience in complex business litigation and class actions. My firm, Stonebarger Law, APC, as well as my co-counsel's firm, Harrison, Patterson, & O'Connor LLP, substantially concentrate our practices in the prosecution of class actions, including numerous class actions for violations of the Song-Beverly Credit Card Act of 1971. I have successfully served as Class Counsel prosecuting numerous class actions to Judgment, including Mendez v. Carter's Inc. (Sacramento County Superior Court); Ben Bridge Jeweler Cases (Sacramento County Superior Court); Cost Plus Credit Card Cases (Sacramento County Superior Court); Children's Place Cases (Stanislaus County Superior Court); Castaneda v. Dillard's, Inc. (San Joaquin County Superior Court); Dress Barn Credit Card Cases (Stanislaus County Superior Court); Barajas v. Dixieline Lumber Company (San Diego County Superior Court); O'Keefe v. West Marine, Inc. (San Diego County Superior Court); Wood v. Coach, Inc. (Contra Costa County Superior Court); Bell v. Genesco (San Diego County Superior Court); and Korn v. Polo Ralph Lauren Corp., (Central District Court of California).

8.      Attached as Exhibit B to Exhibit 1 hereto is a true and correct copy of the proposed Full Class Notice in substantially final form relating to the settlement in the above-entitled action.

9.      Attached as Exhibit C to Exhibit 1 hereto is a true and correct copy of the proposed Summary Notice to published in the California edition of the USA Today in substantially final form relating to the settlement in the above-entitled action.

10.      Attached as Exhibit D to Exhibit 1 hereto is a true and correct copy of the proposed Store Notice in substantially final form relating to the settlement in the above-entitled action.

11.      Attached as Exhibit E to Exhibit 1 hereto is a true and correct copy of the proposed content on the Tear Away Pad to be located at the Store Notice in substantially final form relating to the settlement in the above-entitled action.

/ / /

/ / /

STONEBARGER LAW
A Professional Corporation

12.     Attached as Exhibit F to Exhibit 1 hereto is a true and correct copy of the proposed Claim Form in substantially final form relating to the settlement in the above-entitled action.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed April 30, 2010 at Folsom, California.



GENE J. STONEBARGER

STONEBARGER LAW
A Professional Corporation

DECLARATION OF GENE J. STONEBARGER IN SUPPORT OF MOTION FOR
PRELIMINARY APPROVAL OF PROPOSED CLASS SETTLEMENT

EXHIBIT "1"

# SETTLEMENT AGREEMENT AND RELEASE

**THIS SETTLEMENT AGREEMENT AND RELEASE** (the *"Agreement"*) is entered into by plaintiffs Michael Swaney and Jessica Clark (*"Plaintiffs"*), individually and in their representative capacity, and defendant Payless ShoeSource, Inc. (*"Defendant"*) (collectively with Plaintiffs *"Parties"* or singularly *"Party"*).

## RECITALS

**A.**     On September 29, 2008, Michael Swaney filed an action entitled *Michael Swaney, on behalf of himself and others similarly situated v. Payless ShoeSource, Inc., a Missouri corporation;. and Does 1 through 50, inclusive,* in the Superior Court of the State of California for the County of Placer, Case Number SCV 23663.  The complaint alleged that Defendant violated California Civil Code section 1747.08 by requesting and recording plaintiff's telephone numbers after plaintiff purchased an item from a Payless ShoeSource retail store using a credit card to pay for the previously completed purchase.  Plaintiff also alleged that Payless invaded his privacy by subsequently using his telephone number to engage in a "reverse search" to obtain his home addresses.  On November 7, 2008, Defendant removed the *Swaney* action to the United States District Court for the Eastern District of California, and action was assigned Case No. 08-CV-02672-FCD (GGH).

**B.**     On November 12, 2008, Jessica Clark filed an action entitled *Jessica Clark, individually and on behalf of all others similarly situated v. Payless ShoeSource, Inc.; and Does 1 through 100 inclusive,* in the Superior Court of the State of California for the County of Los Angeles, Case Number BC401695.  The complaint alleged that Defendant violated California Civil Code section 1747.08 by requesting and recording plaintiff's telephone numbers after plaintiff purchased an item from a Payless ShoeSource retail store using a credit card to pay for the previously completed purchase.  On December 12, 2008, Defendant removed the *Clark* action to the United States District Court for the Central District of California, and the action was assigned Case No. 08-CV-08213-PSG (SHx).

**C.**     On December 17, 2008, Defendant filed a motion with the Judicial Panel on Multidistrict Litigation ("MDL Panel") to have the actions transferred for coordinated or consolidated pre-trial proceedings to the United States District Court for the Eastern District of California.  The proceeding was entitled *In re Payless ShoeSource, Inc., California Song-Beverly Credit Card Act Litigation,* MDL Docket No. 2022.  On April 17, 2009, the MDL Panel granted the motion and ordered the cases transferred.  The master docket for the actions is *In re Payless ShoeSource, Inc., California Song-Beverly Credit Card Act Litigation,* Case No. 09-MD-02022-FCD (GGH) with the member actions entitled *Swaney v. Payless ShoeSource, Inc. et. al.,* Case No. 08-CV-02672-FCD (GGH) and *Clark v. Payless ShoeSource, Inc., et al.,* Case No. 09-CV-01040 FCD (GGH) (collectively *"Action"*).

**D.**     On June 25, 2009, Plaintiffs filed a consolidated complaint asserting two causes of action for alleged violations of California Civil Code section 1747.08 and invasion of the right to privacy (*"Complaint"*).  Defendant answered on July 14, 2009.  On September 11, 2009, the Court held that Plaintiffs' cause of action under California Civil Code section 1747.08 must be tried before the court, not a jury.

E.     On November 10, 2009, the Parties participated in arms-length negotiations during a full day mediation before Judge Edward A. Infante (Ret.), an experienced judge and mediator. The Parties continued settlement discussions with the assistance of Judge Infante for several weeks following the mediation.

F.     Plaintiffs and Defendant have conducted an investigation of the facts and have analyzed the relevant legal issues in regard to the claims and defenses asserted in the Action. Plaintiffs and their counsel believe the claims asserted in the Complaint have merit. Defendant and its counsel believe the claims asserted in the Complaint are without merit and that Defendant has complete defenses to the Action and it denies all allegations of wrongdoing. The Parties also have each looked at the uncertainties of trial and the benefits to be obtained under the proposed settlement and have considered the costs, risks, and delays associated with the continued prosecution of this complex and time consuming litigation and the likely appeals of any rulings in favor of either Plaintiffs or Defendant.

G.     Accordingly, it is now the intention of the Parties and the objective of this Agreement to avoid the costs of trial and settle and dispose of, fully and completely and forever, any and all claims and causes of action in the Action.

## AGREEMENT

1.     **DEFINITIONS.** The following section defines terms that are not defined above. Some definitions use terms that are defined later in this section:

1.1.     The terms *"Authorized Claimant"* or *"Authorized Claimants"* mean any Class Member who validly and timely submits a Claim Form for a Merchandise Certificate according to the terms of this Agreement.

1.2.     The term *"California Payless ShoeSource Stores"* means all Payless ShoeSource stores located in the State of California operated by Payless ShoeSource, Inc.

1.3.     The terms *"Claim Form"* or *"Claim Forms"* mean the form Class Members submit to receive a Merchandise Certificate under this Agreement. The Claim Form must be substantially similar to the form attached as **Exhibit F.**

1.4.     The term *"Claimant"* means any Class Member who submits a Claim Form for a Merchandise Certificate under this Agreement.

1.5.     The term *"Claims Administrator"* means The Garden City Group and any successors that Defendant designates to administer the claims process and provide certain forms of notice to the Class as provided for in this Agreement.

1.6.     The term *"Class"* or *"Class Member"* means "All persons who between January 1, 2008 and the date of entry of the Preliminary Approval Order purchased merchandise from a Payless ShoeSource, Inc. store in the State of California, used a credit card to make the purchase(s), and whose Personal Identification Information, including, but not limited to, any telephone number, was requested and recorded by Defendant." Excluded from the Class are Defendant, its corporate parents, subsidiaries and affiliates, officers and directors, any entity in which Defendant has a controlling interest, and the legal representatives, successors or assigns of any such excluded persons or entities.

**1.7.** The term **"Class Counsel"** or **"Plaintiffs' Counsel"** means the law firms of Stonebarger Law, APC, Harrison, Patterson & O'Connor LLP, and the Linde Law Firm.

**1.8.** The term **"Court"** means the United States District Court for the Eastern District of California.

**1.9.** The term **"Defendant's Counsel"** means Cooley Godward Kronish LLP.

**1.10.** The term **"Fairness Hearing"** means the hearing at which the Court decides whether to approve this Agreement as fair, reasonable, and adequate under Rule 23(e)(2) of the Federal Rules of Civil Procedure.

**1.11.** The term **"Final Approval Order and Judgment"** means an order following the Fairness Hearing finally approving the Settlement of this Action and entering a judgment thereon, substantially similar to the form attached as **Exhibit G**.

**1.12.** The term **"Final Settlement Date"** means the date in which either event has occurred: **(a)** if no appeal or request for review is filed or made, thirty-one (31) days after Plaintiffs serve notice on Defendant and any objector to the settlement that the Court entered the Final Approval Order and Judgment, or **(b)** if any appeal or request for review is filed or made, the date in which Plaintiffs serve notice that a court entered an order affirming the Final Approval Order and Judgment or denying review after exhaustion of all appeals or the time for seeking all appeals expires.

**1.13.** The term **"Full Notice"** means the full legal notice of the terms of the proposed settlement, as approved by Plaintiffs' Counsel, Defendant's Counsel, and the Court, to be provided to Class Members pursuant to paragraph 3.3 of this Agreement, and substantially similar to the form attached as **Exhibit B**.

**1.14.** The term **"Named Plaintiffs"** means plaintiffs Michael Swaney and Jessica Clark in their individual capacity only.

**1.15.** The term **"Personal Identification Information"** means personal identification information as used in or defined by California Civil Code section 1747.08(b).

**1.16.** The term **"Preliminary Approval Order"** means an order preliminarily approving the proposed settlement of this Action in accordance with the terms of this Agreement, conditionally certifying the Class for settlement purposes only, providing for notice of the proposed settlement to be made to Class Members by means of the Full Notice, Summary Notice, and Store Notice, and setting the date of the Fairness Hearing, substantially similar to the form attached as **Exhibit A**.

**1.17.** The term **"Merchandise Certificate"** means a merchandise certificate for $10 off any in-store purchase at California Payless ShoeSource Stores (no minimum purchase requirement).

**1.18.** The term **"Settlement"** means the settlement of this Action and related claims in accordance with the terms of this Agreement.

**1.19.** The term **"Settlement Website"** means the Internet website the Claims Administrator will set up to post the Full Notice and Claim Form in both English and Spanish pursuant to paragraph

3.3 of this Agreement.

**1.20.** The term *"Store Notice"* means the summary of the Full Notice of the terms of the proposed settlement set forth in this Agreement, as approved by Plaintiffs' Counsel, Defendant's Counsel, and the Court, to be posted at California Payless ShoeSource Stores pursuant to paragraph 3.3 of this Agreement. The Store Notice shall be substantially in the form attached as **Exhibit D**.

**1.21.** The term *"Summary Notice"* means the summary of the Full Notice of the terms of the proposed settlement set forth in this Agreement, as approved by Plaintiffs' Counsel, Defendant's Counsel, and the Court, to be published in print media pursuant to paragraph 3.3 of this Agreement. The Summary Notice shall be substantially in the form attached as **Exhibit C**.

**1.22.** The term *"Tear Away Pad"* means a pad of paper containing tear-away sheets, with the sheets providing contact information for the Claims Administrator as approved by Plaintiffs' Counsel, Defendant's Counsel, and the Court, to be made available in California Payless ShoeSource Stores pursuant to paragraph 3.3 of this Agreement. The sheets of paper on the Tear Away Pad shall be substantially in the form attached as **Exhibit E**.

## 2. SETTLEMENT TERMS.

**2.1.    Compliance with California Civil Code section 1747.08.**    Defendant agrees to comply with California Civil Code section 1747.08 as of the date of entry of the Preliminary Approval Order. This Agreement, and any resulting change in Defendant' policies, practices, and procedures, shall in no way expand or restrict the scope of California Civil Code section 1747.08, and is subject to any changes in California law (either by statutory amendment or appellate court opinion). This Agreement shall in no way require Defendant to notify Plaintiffs or Plaintiffs' Counsel of any changes to Defendant's California Customer Connection program as a result of this Agreement or in the future.

**2.2.    Right to Opt-Out of Receiving Marketing Communications**.   The Claim Form shall allow Class Members to opt-out of receiving marketing communications from Defendant by changing the record that Defendant maintains for Class Members such that it notes that the customer will not receive future marketing communications from Defendant, unless in the future, the Class Member requests that he or she resume receiving marketing communications.

**2.3.    Class Relief**.   Defendant must issue a single Merchandise Certificate to each Class Member who timely submits a valid Claim Form to the Claims Administrator pursuant to paragraph 3.5 of this Agreement. The Merchandise Certificate will be subject to the following conditions: (a) the Merchandise Certificates are valid for six (6) months after issuance; (b) each class member is entitled to receive one (1) Merchandise Certificate regardless of the number of alleged violations; (c) Merchandise Certificates shall be redeemable for California in-store purchases of merchandise only; (d) Merchandise Certificates are transferable, but may not be combined with any other merchandise certificate, or any savings voucher, coupon, or special offer, are not redeemable for cash, including no cash back if purchase is under $10.00, are not valid on gift card purchases, past purchases, or cash, will not be replaced if lost, stolen, expired, or damaged, customers are responsible for any applicable sales tax to the extent that the purchase exceeds $10.00, returns will receive merchandise credit, and Merchandise Certificates are not valid on products that Payless is prohibited from discounting by contract or law.

**2.4.   Incentive Award to Named Plaintiffs.**  The parties agree that an incentive award of $3,500 (each) is appropriate in recognition of the risk to Plaintiffs as the Class representative in commencing the Action, both financial and otherwise.  Plaintiffs agree not to seek an incentive award of more than $3,500.  In the event the Court grants final judicial approval to this Agreement, Defendant agrees to pay the incentive award approved by the Court up to $3,500 within fourteen (14) calendar days of the Final Settlement Date.  Such payment shall be separate and apart from any benefits to be paid to the Class.

**2.5.   Attorneys' Fees and Costs.**  With the assistance of the mediator, Judge Edward A. Infante (Ret.), and after the parties had agreed to all other material terms, the parties agreed on a maximum fee and costs award of $285,000 (total) to Class Counsel subject to Court approval. Plaintiffs' Counsel agrees they will not seek an attorneys' fees and costs award of more than $285,000 total.  In the event the Court grants final judicial approval to this Agreement, Defendant agrees to pay the attorneys' fees and costs approved by the Court up to $285,000 within fourteen (14) calendar days of the Final Settlement Date.  Such payment shall be separate and apart from any benefits to be paid to the Class.   One check for the entire amount awarded by the Court shall be made payable to Stonebarger Law, APC, which shall be solely responsible for the allocation and distribution of the award to Harrison, Patterson & O'Connor LLP and the Linde Law Firm, as well as any predecessor or successor law firm or attorneys or any attorney asserting an attorneys' lien or claim to all or part of such sum.

**2.6.   Settlement Implementation Costs.**  Defendant shall bear all costs of providing class notice and administration in the manner prescribed in paragraph 3.3 of this Agreement.

**3.   CLASS SETTLEMENT PROCEDURES.**

**3.1.   Cooperation to Obtain Court Approval.**  The Parties will jointly work together in good faith to secure the Court's approval of this Agreement and Settlement.  Defendant is to serve the appropriate Federal and State officials with the required notice pursuant to 28 U.S.C. § 1715(b).

**3.2.   Preliminary Approval and Provisional Class Certification.**  As soon as practicable after this Agreement is signed, Plaintiffs must apply for preliminary approval of the class action settlement and provisional class certification.  The application must request the Court to:

    **(a)**    preliminarily approve this Agreement as being fair, reasonable, and adequate;

    **(b)**    preliminarily approve the form, manner, and content of the Full Notice, Summary Notice, Store Notice, Tear Away Pad, and Claim Form described in paragraph 3.3 and attached as **Exhibits B, C, D, E**, and **F**;

    **(c)**    set the date and time of the Fairness Hearing;

    **(d)**    provisionally certify the Class under Rule 23 of the Federal Rules of Civil Procedure for settlement purposes only;

    **(e)**    appoint Plaintiffs as Class representatives; and

    **(f)**    appoint the law firms of Stonebarger Law, APC, Harrison, Patterson &

O'Connor LLP, and the Linde Law Firm as Class Counsel.

The proposed Preliminary Approval and Provisional Class Certification Order must be substantially similar to the form attached as **Exhibit A.** Class Counsel must draft the application papers and give Defendant's Counsel drafts of the application and proposed order to review at least five (5) court days before the application's filing deadline. Defendant shall be permitted, but not required, to file its own brief or memorandum of points and authorities in support of Preliminary Approval and Provisional Class Certification, but if it chooses to do so must give a draft of said papers to Class Counsel at least five (5) court days prior to filing.

 **3.3.** **Class Notice.** Subject to Court approval, the Parties agree that within sixty (60) days after entry of the Preliminary Approval Order, Defendant shall provide the Class with notice of the proposed settlement by the following methods:

  **(a)** **Full Notice and Claims Submission.** The Claims Administrator will set up an Internet website and post the Full Notice and Claim Form, which may be submitted electronically, by facsimile, or by mail for a period of ninety (90) consecutive calendar days. The Full Notice and Claim Form will be available on the Internet website in both English and Spanish. The Full Notice will be substantially similar to the form attached as **Exhibit B**; the Claim Form will be substantially similar to the form attached as **Exhibit F.**

  **(b)** **Publication Notice.** Defendant will provide the Summary Notice once by one-quarter page publication in the California edition of the USA Today. The Summary Notice will be substantially similar to the form attached as **Exhibit C.**

  **(c)** **Store Notice.** Defendant will post in California Payless ShoeSource Stores the Store Notice in a place that is visible to consumers at the point-of-sale for sixty (60) consecutive calendar days. The Store Notice will be substantially similar to the form attached as **Exhibit D.**

  **(d)** **Tear Away Pad.** In California Payless ShoeSource stores, for sixty (60) consecutive calendar days, potential Class members will be able to self-take a sheet from a Tear Away Pad that provides the URL for the Settlement Website and contact information for the Claims Administrator. The Tear Away Pad will be located at or near the Store Notice. The sheets on the Tear Away Pad will be substantially similar to the form attached as **Exhibit E.**

 **3.4.** **Proof of Notice.** No later than seven (7) calendar days before the filing date for Plaintiffs' unopposed motion in support of the Final Approval Order and Judgment, Defendant will serve upon Class Counsel a declaration or declarations confirming notice has been provided in accordance with paragraph 3.3 of this Agreement.

 **3.5.** **Claim Form.** To be entitled to receive a Merchandise Certificate, Class Members must accurately complete a Claim Form and deliver it to the Claims Administrator no later than ninety (90) calendar days after Defendant starts providing notice to the Class under paragraph 3.3. The delivery date is deemed to be the date (a) the form is deposited in the U.S. Mail as evidenced by the postmark, in the case of submission by U.S. mail, or (b) in the case of submission by facsimile or electronically

through the Settlement Website, the date the Claims Administrator receives form, as evidenced by the transmission receipt. Any Class Member who fails to submit a valid and timely Claim Form will not receive any benefits under this Agreement.

**3.6.   Right to Verify.** The Claims Administrator will review all submitted Claim Forms for completeness, validity, accuracy, and timeliness, and may contact any Claimant to request additional information and documentation to determine the validity of any claim. In addition, Defendant may verify that: (1) the information set forth in a submitted Claim Form is accurate; and (2) the Claimant is a Class Member.

**3.7.   Disputed Claims.** If the Parties dispute a Claim Form's timeliness, accuracy, or validity, the Parties must meet and confer in good faith in an attempt to resolve the dispute. Defendant's records will be entitled to a rebuttable presumption of accuracy.

**3.8.   Objections.** Any Class Member who wants to object to the Settlement must file a written objection and/or a notice of intention to appear with the Court, and serve copies on Plaintiffs' Counsel and Defendant's Counsel, no later than seventy-five (75) calendar days after Defendant starts providing notice to the Class under paragraph 3.3. The written objection must include: (a) the name and case number of the Action, "*In re Payless ShoeSource, Inc., California Song-Beverly Credit Card Act Litigation*, Case No. 09-MD-02022-FCD (GGH)," (b) the full name, address, and telephone number of the person objecting, (c) a statement that the person is a Class Member; (d) the words "Notice of Objection" or "Formal Objection," (e) in clear and concise terms, the legal and factual arguments supporting the objection; and (f) whether the person intends to appear to speak at the Fairness Hearing. The Objection will not be valid if it only objects to the Action's appropriateness or merits. Class Members who fail to make objections in this manner will be deemed to have waived any objections and will be foreclosed from making any objections (whether by appeal or any other process) to the Agreement. Only Class Members who file and serve timely written objections and/or Notices of Intention to Appear can speak at the Fairness Hearing.

**3.9.   Exclusion From the Settlement Class.** Any Class Member who wants to exclude himself or herself from the Class and not be bound by this Agreement must mail a letter or postcard to the Claims Administrator so that it is postmarked no later than seventy-five (75) calendar days after Defendant starts providing notice to the Class under paragraph 3.3. The written request for exclusion must include: (a) the name and case number of the Action, "*In re Payless ShoeSource, Inc., California Song-Beverly Credit Card Act Litigation*, Case No. 09-MD-02022-FCD (GGH)," (b) the full name, address, and telephone number of the person requesting exclusion, and (c) a statement that the person is a Class Member and wishes to be excluded from the Class.

  **(a)   Exclusion List.** Defendant must obtain from the Claims Administrator and serve on Class Counsel a list of Class Members who have timely and validly excluded themselves from the Class no later than seven (7) calendar days before the filing date for Plaintiffs' unopposed motion in support of the Final Approval Order and Judgment.

  **(b)   Termination Clause.** Notwithstanding anything else contained in this Agreement, if more than one thousand (1,000) of the Class Members request exclusion from the Class, then Defendant may, in its sole discretion, at any time

prior to the Final Approval Hearing, notify Class Counsel that it has elected to terminate this Agreement.  In the event Defendant elects to terminate this Agreement under this provision, the Parties and the Action will be returned to the *status quo ante*.

**3.10.   Final Approval Order.**  Before the Fairness Hearing, Plaintiffs shall move for Court approval of a proposed Final Approval Order and Judgment, substantially similar to the form attached as **Exhibit G**.  Class Counsel must also draft the motion or application and supporting papers and give Defendant's Counsel drafts of the motion or application and proposed order to review at least five (5) court days before the application's filing deadline.  Defendant shall be permitted, but not required, to file its own brief or memorandum in support of the Final Approval Order and Judgment, but if it chooses to do so must give a draft of said papers to Class Counsel at least five (5) court days prior to filing.

**3.11.   Action Status if Settlement Not Approved.**  This Agreement is being entered into for settlement purposes only.  If the Court conditions its approval of either the Preliminary Approval Order or the Final Approval Order and Judgment on any modifications of this Agreement that are not acceptable to all Parties, if the Court does not approve the Settlement or enter the Final Approval Order and Judgment for any reason, or if the Final Settlement Date does not occur for any reason, then this Agreement will be deemed null and void *ab initio*.  In that event (a) the Preliminary Approval Order and all of its provisions will be vacated by its own terms, including, but not limited to, vacating conditional certification of the Class, conditional appointment of Plaintiffs as class representatives and conditional appointment of Plaintiffs' Counsel as counsel for the Class, (b) the Action will revert to the status that existed before the Agreement's execution date, (c) no term or draft of this Agreement, or any part of the Parties' settlement discussions, negotiations, or documentation will have any effect or be admissible into evidence, for any purpose, in the Action or any other proceeding, and (d) Defendant shall retain all its rights to object to the maintenance of the Action as a class action, and nothing in this Agreement or other papers or proceedings related to the settlement shall be used as evidence or argument by any Party concerning whether the Action may properly be maintained as a class action.

**3.12.   Merchandise Certificate Distribution.**  If the Court approves the Settlement of this Action, Defendant must cause the mailing of Merchandise Certificates to the Authorized Claimants within twenty-five (25) calendar days following the Final Settlement Date.

**4.   JUDGMENT AND RELEASES.**

**4.1.   Judgment and Enforcement.**  The Parties agree that should the Court grant final approval of the proposed settlement and enter judgment, the judgment shall include a provision for the retention of the Court's jurisdiction over the Parties to enforce the terms of this Agreement.

**4.2.   Class Member's Specific Release.**  Upon entry of the Final Order and Judgment, Class Members, and each of their respective successors, assigns, legatees, heirs, and personal representatives release and forever discharge Payless ShoeSource, Inc. and each of its direct or indirect parents, including Collective Brands Inc., wholly or majority owned subsidiaries, affiliated and related entities, predecessors, successors and assigns, partners, privities, and any of their present and former directors, officers, employees, shareholders, agents, representatives, attorneys, accountants, insurers, and all

persons acting by, through, under or in concert with them, or any of them, from all manner of action, causes of action, claims, demands, rights, suits, obligations, debts, contracts, agreements, promises, liabilities, damages, charges, penalties, losses, costs, expenses, and attorneys' fees, of any nature whatsoever, known or unknown, in law or equity, fixed or contingent, which they have or may have arising out of or relating to any and all violations of California Civil Code section 1747.08 or for invasion of privacy and any of the acts, omissions, or other conduct that were or could have been alleged in or that could have arisen out of the facts alleged in the Complaint.

In addition, Plaintiffs and the Class Members, and each of their respective successors, assigns, legatees, heirs, and personal representatives, expressly waive and relinquish, to the fullest extent permitted by law, as to the specific claims released, the provisions, rights and benefits of Section 1542 of the California Civil Code, or any other similar provision under federal or state law, which provides:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

Plaintiffs and the Class Members fully understand that the facts on which this Agreement is executed may be different from the facts now believed by Plaintiffs and the Class Members and their Counsel to be true and expressly accept and assume the risk of this possible difference in facts and agree that this Agreement remains effective despite any difference in facts.

**4.3.** **Named Plaintiffs' General Release.** Upon entry of the Final Order and Judgment, the Named Plaintiffs, and each of their successors, assigns, legatees, heirs, and personal representatives, release and forever discharge Payless ShoeSource, Inc., and each of its direct or indirect parents, including Collective Brands Inc., wholly or majority owned subsidiaries, affiliated and related entities, predecessors, successors and assigns, partners, privities, and any of their present and former directors, officers, employees, shareholders, agents, representatives, attorneys, accountants, insurers, and all persons acting by, through, under or in concert with them, or any of them, from all manner of action, causes of action, claims, demands, rights, suits, obligations, debts, contracts, agreements, promises, liabilities, damages, charges, penalties, losses, costs, expenses, and attorneys' fees, of any nature whatsoever, known or unknown, in law or equity, fixed or contingent.

In addition, Named Plaintiffs, and each of Named Plaintiffs' successors, assigns, legatees, heirs, and personal representatives, expressly waive and relinquish, to the fullest extent permitted by law, the provisions, rights and benefits of Section 1542 of the California Civil Code, or any other similar provision under federal or state law, which provides:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

Named Plaintiffs fully understand that the facts on which this Agreement is executed may be different from the facts now believed by Named Plaintiffs and Plaintiff's Counsel to be true and expressly

accept and assume the risk of such possible difference in facts and agree that this Agreement remains effective despite any difference in facts.

5.   **ADDITIONAL PROVISIONS.**

    **5.1.   No Admission of Liability nor Lack of Merit.**   This Agreement reflects the compromise and settlement of disputed claims among the Parties. Its constituent provisions, and any and all drafts, communications, and discussions relating to it, shall not be construed as or deemed to be evidence of an admission or concession of any point of fact or law (including, but not limited to, any allegations of wrongdoing or any matters regarding class certification) by any person, including both Plaintiffs and Defendant, and shall not be offered or received in evidence or requested in discovery in this Action or any other action or proceeding as evidence of an admission or concession.

    **5.2.   Change of Time Periods.**   All time periods and dates described in this Agreement are subject to the Court's approval.  These time periods and dates may be changed by the Court or by the Parties' written agreement without notice to the Class.

    **5.3.   Real Parties in Interest.**   In executing this Agreement, the Parties warrant and represent that they are the only persons having any interest in the claims asserted in this Action. Neither these claims, nor any part of these claims, have been assigned, granted or transferred in any way to any other person, firm or entity.

    **5.4.   Voluntary Agreement.**   The Parties executed this Agreement voluntarily and without duress or undue influence.

    **5.5.   Binding on Successors.**   This Agreement binds and benefits the Parties' respective successors, assigns, legatees, heirs, executors, administrators, and personal representatives.

    **5.6.   Parties Represented by Counsel.**   The Parties acknowledge that (a) they have been represented by independent counsel of their own choosing during the negotiation of this Settlement and the preparation of this Agreement, (b) they have read this Agreement and are fully aware of its contents, and (c) their respective counsel fully explained to them the Agreement and its legal effect.

    **5.7.   Authorization.**   Each Party warrants and represents that there are no liens or claims of lien or assignments, in law or equity, against any of the claims or causes of action released by this Agreement and, further, that each Party is fully entitled and duly authorized to enter into this Agreement.

    **5.8.   Entire Agreement.**   This Agreement and the attached exhibits contain the entire agreement between the Parties and constitute the complete, final, and exclusive embodiment of their agreement with respect to the Action, and supersede all prior proposals, negotiations, agreements and understandings concerning the subject matter of this Agreement.  This Agreement is executed without reliance on any promise, representation or warranty by any Party or any Party's representative other than those expressly set forth in this Agreement.

**5.9.    Construction and Interpretation.**   Neither Party nor any of the Parties' respective attorneys will be deemed the drafter of this Agreement for purposes of interpreting any provision in this Agreement in any judicial or other proceeding that may arise between them.  This Agreement has been, and must be construed to have been, drafted by all the Parties to it, so that any rule that construes ambiguities against the drafter will have no force or affect.

**5.10.    Headings.**   The various headings used in this Agreement are solely for the Parties' convenience and may not be used to interpret this Agreement.  The headings do not define, limit, extend or describe the Parties' intent or the scope of this Agreement.

**5.11.    Exhibits.**   The exhibits attached to this Agreement are integral parts of the Agreement and Settlement and are incorporated by reference into this Agreement as though fully set forth herein.

**5.12.    Modifications and Amendments.**   No amendment, change or modification to this Agreement will be valid unless in writing signed by both Parties or their counsel.

**5.13.    Governing Law.**   This Settlement Agreement shall be governed by, interpreted under, and enforced in accordance with the internal, substantive laws of the State of California, without giving effect to that State's choice of law principles.

**5.14.    Further Assurances.**   The Parties must execute and deliver any additional papers, documents, or other assurances, and must do any other acts reasonably necessary to perform their obligations under this Agreement and to carry out this Agreement's expressed intent.

**5.15.    Agreement Constitutes a Complete Defense.**   To the extent permitted by law, this Agreement may be pled as a full and complete defense to, and may be used as the basis for an injunction against, any action, suit, or other proceedings that may be instituted, prosecuted or attempted in breach of or contrary to this Agreement.

**5.16.    Execution Date.**   This Agreement is deemed executed on the date the Agreement is signed by all of the undersigned.

**5.17.    Counterparts.**   This Agreement may be executed in counterparts, each of which constitutes an original, but all of which together constitutes one and the same instrument.  Photocopies of signatures, facsimile signatures, or PDF copies of signatures to this Agreement may be treated as originals.

**5.18.    Recitals.**   The Recitals are incorporated by reference as though fully set forth herein and are part of the Agreement.

**5.19.    Severability.**   Should any paragraph, sentence, clause, or provision of this Agreement be held invalid or unenforceable, the remaining Agreement will remain valid and enforceable.

**5.20.    Grammar**.   The neutral form of a pronoun shall be considered to include within its meaning the masculine and feminine forms of the pronoun, and vice versa.

**5.21.    Inadmissibility.**   This Agreement (whether approved or not approved, revoked, or made ineffective for any reason) and any proceedings or discussions related to this Agreement are

inadmissible as evidence of any liability or wrongdoing whatsoever in any Court or tribunal in any state, territory, or jurisdiction. Further, neither this Agreement, the Settlement contemplated by it, nor any proceedings taken under it, will be construed or offered or received into evidence as an admission, concession or presumption that class certification is appropriate, except to the extent necessary to consummate this Agreement and the binding effect of the Final Approval Order and Judgment.

    **5.22.   No Conflict Intended.**  Any inconsistency between this Agreement and the attached exhibits will be resolved in favor of this Agreement.

      **5.23.   List of Exhibits:**  The following exhibits are attached hereto:

        Exhibit A -   [Proposed] Order Granting Preliminary Approval of Class Settlement

        Exhibit B -   Full Notice

        Exhibit C -   Summary Notice

        Exhibit D -   Store Notice

        Exhibit E -   Tear Away Pad

        Exhibit F -   Claim Form

        Exhibit G   [Proposed] Final Order Approving Class Action Settlement and Judgment

    The Parties to this Action have so AGREED.

Dated: _____        **PLAINTIFF MICHAEL SWANEY**

                                      *Michael Swaney*
                                      Michael Swaney
                                      Individually and in his Representative Capacity

Dated: _____        **PLAINTIFF JESSICA CLARK**

                                      Jessica Clark
                                      Individually and in her Representative Capacity

Dated: _____        **DEFENDANT PAYLESS SHOESOURCE, INC.**

                                      By: _____

                                      Its: _____

inadmissible as evidence of any liability or wrongdoing whatsoever in any Court or tribunal in any state, territory, or jurisdiction. Further, neither this Agreement, the Settlement contemplated by it, nor any proceedings taken under it, will be construed or offered or received into evidence as an admission, concession or presumption that class certification is appropriate, except to the extent necessary to consummate this Agreement and the binding effect of the Final Approval Order and Judgment.

    **5.22.** **No Conflict Intended.** Any inconsistency between this Agreement and the attached exhibits will be resolved in favor of this Agreement.

    **5.23.** **List of Exhibits:** The following exhibits are attached hereto:

        Exhibit A -    [Proposed] Order Granting Preliminary Approval of Class Settlement

        Exhibit B -    Full Notice

        Exhibit C -    Summary Notice

        Exhibit D -    Store Notice

        Exhibit E -    Tear Away Pad

        Exhibit F -    Claim Form

        Exhibit G    [Proposed] Final Order Approving Class Action Settlement and Judgment

    The Parties to this Action have so AGREED.

Dated: _____  _____        **PLAINTIFF MICHAEL SWANEY**


                _____
                Michael Swaney
                Individually and in his Representative Capacity

Dated: **4/19/10**        **PLAINTIFF JESSICA CLARK**

                Jessica Clark
                Individually and in her Representative Capacity

Dated: _____        **DEFENDANT PAYLESS SHOESOURCE, INC.**


                _____
                By: _____

                Its: _____

inadmissible as evidence of any liability or wrongdoing whatsoever in any Court or tribunal in any state, territory, or jurisdiction. Further, neither this Agreement, the Settlement contemplated by it, nor any proceedings taken under it, will be construed or offered or received into evidence as an admission, concession or presumption that class certification is appropriate, except to the extent necessary to consummate this Agreement and the binding effect of the Final Approval Order and Judgment.

**5.22.   No Conflict Intended.**  Any inconsistency between this Agreement and the attached exhibits will be resolved in favor of this Agreement.

**5.23.   List of Exhibits:**  The following exhibits are attached hereto:

| | |
|---|---|
| Exhibit A - | [Proposed] Order Granting Preliminary Approval of Class Settlement |
| Exhibit B - | Full Notice |
| Exhibit C - | Summary Notice |
| Exhibit D - | Store Notice |
| Exhibit E - | Tear Away Pad |
| Exhibit F - | Claim Form |
| Exhibit G | [Proposed] Final Order Approving Class Action Settlement and Judgment |

The Parties to this Action have so AGREED.

Dated: _____       **PLAINTIFF MICHAEL SWANEY**


_____
Michael Swaney
Individually and in his Representative Capacity

Dated: _____       **PLAINTIFF JESSICA CLARK**


_____
Jessica Clark
Individually and in her Representative Capacity

Dated: 04/19/10       **DEFENDANT PAYLESS SHOESOURCE, INC.**


By: _Jay Andlline_____

Its: _Group Counsel_____

12 of 12

# EXHIBIT A

**[PROPOSED] ORDER GRANTING PRELIMINARY
APPROVAL OF CLASS SETTLEMENT AND PROVISIONAL CLASS CERTIFICATION**

1

2

3

4

5

6

7

8                              UNITED STATES DISTRICT COURT

9                                    EASTERN DISTRICT

10                                 SACRAMENTO DIVISION

11   | In Re: PAYLESS SHOESOURCE, INC., | Case No. 09-MD-02022 FCD (GGH) |
12   | CALIFORNIA SONG-BEVERLY CREDIT | |
     | CARD ACT LITIGATION | **[PROPOSED] ORDER GRANTING** |
13   | | **PRELIMINARY APPROVAL OF CLASS** |
     | (This document relates to ALL ACTIONS) | **SETTLEMENT AND PROVISIONAL** |
14   | | **CLASS CERTIFICATION** |

15   | | Judge:        Hon. Frank C. Damrell, Jr. |
     | | Location:    Courtroom 2 |

16   | MICHAEL SWANEY, on behalf of himself | Case No. 08-CV-02672 FCD (GGH) |
     | and others similarly situated, | |
17   | | |
     | Plaintiff, | |
18   | | |
     | v. | |
19   | | |
     | PAYLESS SHOESOURCE, INC., a Missouri | |
20   | corporation; and DOES 1 through 50, | |
     | inclusive, | |
21   | | |
     | Defendants. | |
22

23   | JESSICA R. CLARK, individually and on | Case No. 09-CV-01040 FCD (GGH) |
     | behalf of all others similarly situated, | |
     | | |
24   | Plaintiff, | |
     | | |
25   | v. | |
     | | |
26   | PAYLESS SHOESOURCE, INC.; and DOES | |
     | 1 through 100 inclusive, | |
27   | | |
     | Defendants. | |
28

                                                          **[PROPOSED] ORDER GRANTING**
                                                          **PRELIM. APPROVAL OF CLASS**
                                                          **SETTLEMENT & PROV. CLASS CERT.**

1    On _____, 2010, this Court heard plaintiffs Michael Swaney's and Jessica

2    Clark's unopposed motion for preliminary approval of class settlement and provisional class

3    certification under Rule 23(e) of the Federal Rules of Civil Procedure.  This Court reviewed the

4    motion, including the Settlement Agreement and Release ("Agreement").  Based on this review

5    and the findings below, the Court found good cause to grant the motion.

6    **FINDINGS:**

7        1.      The Agreement is fair, reasonable, and adequate;

8        2.      The Full Notice, Summary Notice, Store Notice, Tear Away Pad, and Claim Form

9    (attached to the Agreement) comply with due process because the notices and form are

10   reasonably calculated to adequately apprise class members of (i) the pending lawsuit, (ii) the

11   proposed settlement, and (iii) their rights, including the right to either participate in the

12   settlement, exclude themselves from the settlement, or object to the settlement;

13       3.      The Class (defined below) is so numerous that joinder of all Class members is

14   impracticable;

15       4.      The claims of Michael Swaney and Jessica Clark ("Plaintiffs") are typical of the

16   Class' claims;

17       5.      There are questions of law and fact common to the Class, which predominate over

18   any questions affecting only individual Class members; and

19       6.      Class certification is superior to other available methods for the fair and efficient

20   adjudication of the controversy.

21   **IT IS ORDERED THAT:**

22       1.      **Settlement Approval**.   The Agreement, including the Full Notice, Summary

23   Notice, Store Notice, Tear Away Pad, and Claim Form, attached to the Agreement as Exhibits B

24   through F are preliminarily approved.

25       2.      **Provision of Class Notice**.  Defendant Payless ShoeSource, Inc. ("Payless") will

26   notify class members of the settlement in the manner specified under Paragraph 3.3 of the

27   Agreement and will pay all costs associated with class administration and providing notice to

28   Class Members.   No later than seven (7) calendar days before the filing date of Plaintiffs'

-1-

1   application or motion in support of the Final Approval Order and Judgment, Defendant is to

2   provide Plaintiffs with a declaration or declarations confirming that the notice has been provided

3   in accordance with paragraph 3.3 of the Agreement.

4          3.    **Claim for Merchandise Certificate**.  Class Members who want to receive a $10

5   Merchandise Certificate under the Agreement must accurately and completely fill out a Claim

6   Form and submit it through the Internet website maintained by the Claims Administrator or by

7   facsimile or U.S. mail to the Claims Administrator no later than ninety (90) calendar days from

8   when Payless begins to provide notice to the class as provided in Paragraph 2 of this Order.  The

9   delivery date for the Claim Form is deemed to be the date (a) the form is deposited in the U.S.

10   Mail as evidenced by the postmark, in the case of submission by U.S. mail, or (b) in the case of

11   submission by facsimile or through the Settlement Website, the date the Claims Administrator

12   receives the Claim Form, as evidenced by the transmission receipt.

13          4.    **Request to Opt Out of Marketing Communications**.  Class Members who want

14   to cease receiving marketing communications from Payless must check the appropriate box on the

15   Claim Form.

16          5.    **Objection to Settlement**.  Class members who want to object to the Agreement

17   must file a written objection and/or a Notice of Intention to Appear with the Court, and serve

18   copies on Class Counsel and Defendant's Counsel no later than seventy-five (75) calendar days

19   from when Defendant provides notice to the Class as provided in Paragraph 2 of this Order.  The

20   Objection must state:  (a) the name of the Action and case number, "*In re Payless ShoeSource,*

21   *Inc., California Song-Beverly Credit Card Act Litigation,* Case No. 09-MD-02022-FCD (GGH),"

22   (b) the full name, address, and telephone number of the person objecting, (c) a statement that the

23   person is a Class Member; (d) the words "Notice of Objection" or "Formal Objection," (e) in

24   clear and concise terms, the legal and factual arguments supporting the objection; and (f) whether

25   the person intends to appear to speak at the Fairness Hearing.  The objection will not be valid if it

26   only objects to the lawsuit's appropriateness or merits.

27          6.    **Failure to Object to Settlement**.  Class members who fail to object to the

28   Agreement in the manner specified above will: (a) be deemed to have waived their right to object

1    to the Agreement; (b) be foreclosed from objecting (whether by a subsequent objection,

2    intervention, appeal, or any other process) to the Agreement; and (c) not be entitled to speak at

3    the Fairness Hearing.

4        7.    **Requesting Exclusion**.   Class members who want to be excluded from the

5    settlement must send a letter or postcard to the Claims Administrator stating  (a) the name of the

6    Action and case number, "*In re Payless ShoeSource, Inc., California Song-Beverly Credit Card*

7    *Act Litigation,* Case No. 09-MD-02022-FCD (GGH)," (b) the full name, address, and telephone

8    number of the person requesting exclusion, and (c) a statement that the person is a Class member

9    and wishes to be excluded from the Class, postmarked no later than seventy-five (75) calendar

10   days from when Defendant provides notice to the class as provided in Paragraph 2 of this Order.

11   Defendant is to provide the Parties a list of Class members who have timely and validly excluded

12   themselves from the Class no later than seven (7) calendar days before the filing date for

13   Plaintiffs' unopposed motion in support of the Final Approval Order and Judgment.

14       8.    **Provisional Certification**.   The Class is provisionally certified as a class of all

15   persons who between January 1, 2008 and the date of entry of this Order purchased merchandise

16   from a Payless ShoeSource, Inc. store in the State of California, used a credit card to make the

17   purchase(s), and whose personal identification information, including, but not limited to, any

18   telephone number, was requested and recorded by Payless.

19       9.    **Appointment of Class Representative and Class Counsel**.  Plaintiffs Michael

20   Swaney and Jessica Clark are conditionally certified as the Class Representatives to implement

21   the Parties' settlement in accordance with the Agreement.   Stonebarger Law, APC, Harrison,

22   Patterson & O'Connor LLP, and the Linde Law Firm are appointed as co-Class Counsel.

23   Plaintiffs and Class Counsel must fairly and adequately protect the Class's interests.

24       10.   **Termination**.   If the Agreement terminates for any reason, the following will

25   occur:    (a) Class certification will be automatically vacated; (b) Plaintiffs will revert to

26   functioning as putative class representatives as if no class had been certified; and (c) this Action

27   will revert to its previous status in all respects as it existed immediately before the Parties

28

**[PROPOSED] ORDER GRANTING
PRELIM. APPROVAL OF CLASS
SETTLEMENT & PROV. CLASS CERT.**

1   executed the Agreement.  This Order will not waive or otherwise impact the Parties' rights or

2   arguments.

3       11.     **No Admissions.**  Nothing in this Order is, or may be construed as, an admission or

4   concession on any point of fact or law by or against any Party.

5       12.     **Fairness Hearing.**  On _____ 2010, at _____, this Court will

6   hold a Fairness Hearing to determine whether the Agreement should be finally approved as fair,

7   reasonable, and adequate.  All supporting papers must be filed no later than seven (7) calendar

8   days before the Fairness Hearing.  This Court may order the Fairness Hearing to be postponed,

9   adjourned, or continued.  If that occurs, Defendant will not be required to provide additional

10  notice to class members.

11

12  DATED:_____        _____

13  660544 v3/SD                       UNITED STATES DISTRICT COURT JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-4-                        **[PROPOSED] ORDER GRANTING**
                           **PRELIM. APPROVAL OF CLASS**
                           **SETTLEMENT & PROV. CLASS CERT.**

# EXHIBIT B

**FULL NOTICE**

## LEGAL NOTICE

**TO:** All persons who between January 1, 2008 and [THE DATE OF ENTRY OF THE ORDER GRANTING PRELIMINARY APPROVAL] purchased merchandise from a Payless ShoeSource, Inc. store in the State of California, used a credit card to make the purchase(s), and whose personal identification information, including, but not limited to, telephone number, was requested and recorded by Payless ShoeSource, Inc.

### IF YOU ARE A MEMBER OF THIS CLASS OF PERSONS, YOU SHOULD READ THIS NOTICE CAREFULLY BECAUSE IT WILL AFFECT YOUR LEGAL RIGHTS AND OBLIGATIONS

A settlement has been proposed in a class action lawsuit pending in the United States District Court, Eastern District of California entitled *In re Payless ShoeSource, Inc., California Song-Beverly Credit Card Act Litigation*, Case No. 09-MD-02022-FCD (GGH) (member actions: *Swaney v. Payless ShoeSource, Inc. et. al.*, Case No. 08-CV-02672-FCD (GGH) and *Clark v. Payless ShoeSource, Inc., et al.*, Case No. 09-CV-01040 FCD (GGH)) (the "***Action***"). This Notice explains the nature of the Action, the general terms of the proposed settlement, and your legal rights and obligations.

### GENERAL BACKGROUND

Plaintiffs Michael Swaney and Jessica Clark filed a class action lawsuit against Payless ShoeSource, Inc. ("***Payless***") on behalf of the Class of persons described above. The lawsuit alleges that Payless violated California law by requesting and recording personal identification information, including, but not limited to, telephone numbers, from customers in its California Payless ShoeSource stores who paid for purchases with a credit card. The lawsuit also alleges that Payless then performed a reverse search using the telephone numbers to determine the mailing addresses of customers. **Payless denies any wrongdoing and any liability whatsoever, and no court or other entity has made any judgment or other determination of any liability.**

The Parties have determined that it is in their best interests to settle the Action to avoid the expenses, inconveniences, and interferences with ongoing business operations that are associated with litigation. In addition, the Judge Frank C. Damrell, Jr. of the Eastern District of California has determined that the Action should proceed as a class action for settlement purposes only, with Plaintiffs Michael Swaney and Jessica Clark as the Class Representatives, and granted preliminary approval of the settlement, subject to a final fairness hearing discussed below.

### THE PROPOSED SETTLEMENT

Payless agrees to comply with California Civil Code section 1747.08.

Payless also agrees to provide Class Members who submit a timely and valid Claim Form with a single transferable merchandise certificate for $10 off any purchase. The merchandise certificate will be subject to the following conditions: (a) it is valid for six (6) months after issuance; (b) each class member is entitled to receive one (1) merchandise certificate regardless of the number of alleged violations; (c) the merchandise certificate shall be redeemable for California in-store purchases of merchandise only; (d) it may not be combined with any other merchandise certificate, or any savings voucher, coupon, or special offer, is not redeemable for cash, including no cash back if purchase is

under $10.00, is not valid on gift card purchases, past purchases, or cash, will not be replaced if lost, stolen, expired, or damaged, customers are responsible for any applicable sales tax to the extent that the purchase exceeds $10.00, returns will receive merchandise credit, and it is not valid on products that Payless is prohibited from discounting by contract or law.

Subject to Court approval, the Class Representative will be paid an incentive award of up to a maximum of $3,500 each for their services as Class Representatives and their efforts in bringing the Action, and the attorneys for the Class ("Class Counsel") will be paid up to a maximum of $285,000 total for their attorneys' fees and costs. The Court will make the final decision as to the amounts to be paid to the Class Representatives and Class Counsel. These amounts will not affect the benefits provided to the Class.

## DISMISSAL OF ACTION AND RELEASE OF ALL CLAIMS

If the Court approves the proposed settlement, it will enter a judgment in the action with prejudice as to all Class Members. All Class Members who do not validly and timely request to be excluded from the proposed settlement and each of their respective successors, assigns, legatees, heirs, and personal representatives will be forever barred from prosecuting their own lawsuits and deemed to have released Payless ShoeSource, Inc. and each of its direct or indirect parents, including Collective Brands Inc., wholly or majority owned subsidiaries, affiliated and related entities, predecessors, successors and assigns, partners, privities, and any of their present and former directors, officers, employees, shareholders, agents, representatives, attorneys, accountants, insurers, and all persons acting by, through, under or in concert with them, or any of them, from all manner of action, causes of action, claims, demands, rights, suits, obligations, debts, contracts, agreements, promises, liabilities, damages, charges, penalties, losses, costs, expenses, and attorneys' fees, of any nature whatsoever, known or unknown, in law or equity, fixed or contingent, which they have or may have arising out of or relating to any and all violations of California Civil Code section 1747.08 or for invasion of privacy and any of the acts, omissions, or other conduct that were or could have been alleged in or that could have arisen out of the facts alleged in the operative complaint in the Action.

Class Members, and each of their respective successors, assigns, legatees, heirs, and personal representatives, will also be deemed to have waived and relinquished, to the fullest extent permitted by law, as to the specific claims released, the provisions, rights and benefits of California Civil Code § 1542, or any other similar provision under federal or state law, which provides: "[a] general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or his must have materially affected his or her settlement with the debtor."

## FAIRNESS HEARING

On _____ at _____.m., a hearing will be held on the fairness of the proposed settlement. At the hearing, the Court will be available to hear any objections and arguments concerning the proposed settlement's fairness. The hearing will take place before the Honorable Frank C. Damrell, Jr. in Court Room No. 2 (15th Floor) of the Eastern District of California, located at 501 "I" Street, Suite 4-200, Sacramento, CA 95814.

## HOW TO RECEIVE YOUR MERCHANDISE CERTIFICATE

You must complete a Claim Form to receive your Merchandise Certificate. The claim form is available at www._____ or may be obtained by contacting the Claims Administrator at:

*In re Payless ShoeSource, Inc., California Song-Beverly Credit Card Act Litigation* Claims
Administrator
[CLAIMS ADMINISTRATOR]
[MAILING ADDRESS]
[CITY], [STATE] [ZIP CODE]
[FAX NUMBER]

The claim form may be filled out and submitted on-line or printed out and mailed or faxed to the Claims Administrator at the address/number above. TO BE VALID, YOU MUST BE A CLASS MEMBER AND THE CLAIM FORM MUST BE ELECTRONICALLY SUBMITTED OR POSTMARKED BY [DATE]. Payless may verify the accuracy of information set forth in any submitted claim form. If you do not submit a valid and timely Claim Form, you will not receive benefits under the settlement, but you will still be bound by the settlement unless you exclude yourself. The delivery date is deemed to be the date the form is electronically received by the Claims Administrator, as evidenced by the transmission receipt, or deposited in the U.S. Mail, postage pre-paid, as evidenced by the postmark.

## HOW TO EXCLUDE YOURSELF FROM THE SETTLEMENT

You may exclude yourself from the Class and the settlement. If you want to be excluded, you must send a letter or postcard stating **(a)** the name of the Action and case number, "*In re Payless ShoeSource, Inc., California Song-Beverly Credit Card Act Litigation*, Case No. 09-MD-02022-FCD (GGH)," **(b)** your full name, address, and telephone number, and **(c)** a statement that you does not wish to participate in the settlement, postmarked no later than [DATE], to the Claims Administrator at the following address.

*In re Payless ShoeSource, Inc., California Song-Beverly Credit Card Act Litigation* Claims
Administrator
[CLAIMS ADMINISTRATOR]
[MAILING ADDRESS]
[CITY], [STATE] [ZIP CODE]

If you timely request exclusion from the Class, you will be excluded from the Class, you will not be bound by the judgment entered in the Action, and you will not be precluded from prosecuting any timely individual claim against Payless ShoeSource, Inc. based on the conduct complained of in the Action.

## HOW TO OBJECT TO THE SETTLEMENT

If you wish to object to the settlement, you must file a written objection and/or a Notice of Intention to Appear with the Court, and serve such objection and/or notice on Class Counsel and Payless' Counsel at the addresses set forth below. Any written objections and/or Notice of Intention to Appear must state: **(a)** the name of the Action and case number, "*In re Payless ShoeSource, Inc., California Song-Beverly Credit Card Act Litigation*, Case No. 09-MD-02022-FCD (GGH)," **(b)** the full name, address,

and telephone number of the person objecting, (**c**) a statement that the person is a Class Member; (**d**) the words "Notice of Objection" or "Formal Objection," (**e**) in clear and concise terms, the legal and factual arguments supporting the objection; and (**f**) whether the person intends to appear to speak at the Fairness Hearing.  If you only object to the appropriateness or merits of the Action, then your objection will be deemed invalid.  Class Members who fail to make objections in the manner specified above will be deemed to have waived any objections and will be foreclosed from making any objections (whether by a subsequent objection, intervention, appeal, or any other process) to the Settlement.  Only Class Members who filed and served timely written objections and/or Notices of Intention to Appear can speak at the Fairness Hearing.  To speak at the hearing, you must file the your objection papers with the Court and deliver or postmark the papers to Class Counsel and Payless' Counsel no later than [DATE].

| | |
|---|---|
| **CLASS COUNSEL** | **PAYLESS' COUNSEL** |
| GENE J. STONEBARGER | MICHELLE C. DOOLIN, ESQ. |
| STONEBARGER LAW | COOLEY GODWARD KRONISH LLP |
| A PROFESSIONAL CORPORATION | 4401 EASTGATE MALL |
| 75 IRON POINT CIRCLE, SUITE 145 | SAN DIEGO, CA  92121 |
| FOLSOM, CALIFORNIA 95630 | |

**IF YOU DO NOT TIMELY MAKE YOUR OBJECTION, YOU WILL BE DEEMED TO HAVE WAIVED ALL OBJECTIONS AND WILL NOT BE ENTITLED TO SPEAK AT THE FAIRNESS HEARING.**  You may, but need not, enter an appearance through counsel of your choice.  If you do, you will be responsible for your personal attorney's fees and costs.

## HOW TO REQUEST TO STOP RECEIVING MARKETING COMMUNICATIONS FROM PAYLESS

You may request to stop receiving marketing communications from Payless by checking the box "Opt-Out of Receiving Marketing Communications" on the Claim Form.

## ADDITIONAL INFORMATION

The above description of the Action is general and does not cover all of the issues and proceedings that have occurred.  In order to see the complete file, including the actual settlement agreement, you should visit the Administrative Office of the U.S. Courts, PACER Service Center, located at http://pacer.psc.uscourts.gov/.  You may also visit or call the Clerk's office of the Sacramento Division of the Eastern District of California located on the Fourth Floor of the United States Courthouse, 501 "I" Street, Sacramento, 95814, (916) 930-4000.  The Clerk will tell you how to obtain the file for inspection and copying at your own expense.

**DO NOT ADDRESS ANY SUBSTANTIVE QUESTIONS ABOUT THE SETTLEMENT OR THE LITIGATION TO THE COURT OR THE JUDGE'S CHAMBERS**

Dated: _____, 2010          By: Order of the Eastern District of California
                                   HONORABLE FRANK C. DAMRELL, JR.
                                   UNITED STATED DISTRICT COURT JUDGE

# EXHIBIT C

**SUMMARY NOTICE**

**IF BETWEEN THE DATES OF JANUARY 1, 2008 AND [THE DATE OF ENTRY OF THE ORDER GRANTING PRELIMINARY APPROVAL] YOU PURCHASED MERCHANDISE FROM A PAYLESS SHOESOURCE, INC. STORE IN THE STATE OF CALIFORNIA, USED A CREDIT CARD TO MAKE THE PURCHASE(S), AND YOUR PERSONAL IDENTIFICATION INFORMATION, INCLUDING, BUT NOT LIMITED TO, TELEPHONE NUMBER, WAS REQUESTED AND RECORDED BY PAYLESS SHOESOURCE, INC., YOU MIGHT BE A CLASS MEMBER IN A LAWSUIT ENTITLED *IN RE PAYLESS SHOESOURCE, INC., CALIFORNIA SONG-BEVERLY CREDIT CARD ACT LITIGATION*, CASE NO. 09-MD-02022-FCD (GGH), PENDING IN THE U.S. DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA. A PROPOSED SETTLEMENT OF THIS CLASS ACTION HAS BEEN REACHED. IF YOU ARE A CLASS MEMBER, THE PROPOSED SETTLEMENT WILL AFFECT YOUR LEGAL RIGHTS AND OBLIGATIONS.**

As part of the proposed settlement, class members who timely file a valid claim form are eligible to receive a single transferable merchandise certificate for $10 off any purchase at a California Payless store (with certain limitations). Payless may verify the accuracy of information set forth in any submitted claim form.

You can obtain full notice of the proposed settlement and a claim form from the Claims Administrator's website at _____ or by requesting this information from the Claims Administrator by mail:

*In re Payless ShoeSource, Inc., California Song-Beverly Credit Card Act Litigation* Claims
Administrator
[CLAIMS ADMINISTRATOR]
[MAILING ADDRESS]
[CITY], [STATE] [ZIP CODE]

You must act on or before_____, 2010, to register to receive a merchandise certificate, AND on or before_____, 2010 to request to be excluded from the settlement or to object to the proposed settlement. **If you do not request to be excluded from the settlement before _____, 2010, you will be deemed to have released Payless from all claims described in the full notice.**

# EXHIBIT D

### STORE NOTICE

**IF BETWEEN THE DATES OF JANUARY 1, 2008 AND [THE DATE OF ENTRY OF THE ORDER GRANTING PRELIMINARY APPROVAL] YOU PURCHASED MERCHANDISE FROM A PAYLESS SHOESOURCE, INC. STORE IN THE STATE OF CALIFORNIA, USED A CREDIT CARD TO MAKE THE PURCHASE(S), AND YOUR PERSONAL IDENTIFICATION INFORMATION, INCLUDING, BUT NOT LIMITED TO, TELEPHONE NUMBER, WAS REQUESTED AND RECORDED BY PAYLESS SHOESOURCE, INC., YOU MIGHT BE A CLASS MEMBER IN A LAWSUIT ENTITLED _IN RE PAYLESS SHOESOURCE, INC., CALIFORNIA SONG-BEVERLY CREDIT CARD ACT LITIGATION_, CASE NO. 09-MD-02022-FCD (GGH), PENDING IN THE U.S. DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA. A PROPOSED SETTLEMENT OF THIS CLASS ACTION HAS BEEN REACHED. IF YOU ARE A CLASS MEMBER, THE PROPOSED SETTLEMENT WILL AFFECT YOUR LEGAL RIGHTS AND OBLIGATIONS.**

As part of the proposed settlement, class members who timely file a valid claim form are eligible to receive a single transferable merchandise certificate for $10 off any purchase at a California Payless store (with certain limitations). Payless may verify the accuracy of information set forth in any submitted claim form.

You can obtain full notice of the proposed settlement and a claim form from the Claims Administrator's website at _____ or by requesting this information from the Claims Administrator by mail:

_In re Payless ShoeSource, Inc., California Song-Beverly Credit Card Act Litigation_ Claims
Administrator
[CLAIMS ADMINISTRATOR]
[MAILING ADDRESS]
[CITY], [STATE] [ZIP CODE]

You must act on or before_____, 2010, to register to receive a merchandise certificate, AND on or before_____, 2010 to request to be excluded from the settlement or to object to the proposed settlement. **If you do not request to be excluded from the settlement before _____, 2010, you will be deemed to have released Payless from all claims described in the full notice.**

# EXHIBIT E

### TEAR AWAY PAD

You can obtain the full notice of the proposed settlement in the *In re Payless ShoeSource, Inc., California Song-Beverly Credit Card Act Litigation* and a claim form from the Claims Administrator's website at _____ or by requesting this information from the Claims Administrator by mail at:

*In re Payless ShoeSource, Inc., California Song-Beverly Credit Card Act Litigation* Claims Administrator
[CLAIMS ADMINISTRATOR]
[MAILING ADDRESS]
[CITY], [STATE] [ZIP CODE]

# EXHIBIT F

## CLAIM FORM

*In re Payless ShoeSource, Inc., California Song-Beverly Credit Card Act Litigation* Claim Form

Eastern District of California Case No. 09-MD-2022-FCD (GGH)

**YOU MUST SUBMIT YOUR CLAIM FORM NO LATER THAN [DATE].**

CONTACT INFORMATION

Please type the following information:

Name (first, middle, and last):_____

Residential Street Address:_____

City, State, Zip Code:_____

Home Telephone Number:_____

PURCHASE INFORMATION.

**I declare the following:**

On or about _____(month) _____(year), I used a credit card to purchase merchandise at a Payless ShoeSource store located in the State of California, and I was requested to provide, and did provide, personal identification information, such as my telephone number, to a Payless ShoeSource employee. At the time of this transaction, I was not employed by Payless ShoeSource, Inc.

*Payless ShoeSource, Inc. may verify the accuracy of your claim. Please retain in your possession any receipts and other documents that support your claim.*

OPT OUT OF MARKETING COMMUNICATIONS FROM PAYLESS SHOESOURCE

☐    I wish to cease receiving marketing communications from Payless ShoeSource. I understand that if I wish to resume receiving marketing communications in the future, I may elect to do so. I also understand that this request may take thirty (30) days from the Final Settlement Date to process.

RELEASE OF CLAIMS.

On behalf of myself and my successors, assigns, legatees, heirs, and personal representatives, I release and forever discharge Payless ShoeSource, Inc. and each of its direct or indirect parents, including Collective Brands Inc., wholly or majority owned subsidiaries, affiliated and related entities, predecessors, successors and assigns, partners, privities, and any of their present and former directors, officers, employees, shareholders, agents, representatives, attorneys, accountants, insurers, and all persons acting by, through, under or in concert with them, or any of them, from all manner of action, causes of action, claims, demands, rights, suits, obligations, debts, contracts, agreements, promises, liabilities, damages, charges, penalties, losses, costs, expenses, and attorneys' fees, of any nature whatsoever, known or unknown, in law or equity, fixed or contingent, which I have or may have arising out of or relating to any and all violations of California Civil Code section 1747.08 or for invasion of privacy and any of the acts, omissions, or other conduct that were or could have been alleged in or that could have arisen out of the facts alleged in the operative complaint in the Action.

On behalf of myself and my successors, assigns, legatees, heirs, and personal representatives, I also waive and relinquish, to the fullest extent permitted by law, as to the specific claims released, the provisions, rights and benefits of California Civil Code § 1542, or any other similar provision under federal or state law, which provides: **"[a] general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor."**

THIS FORM MUST BE COMPLETED AND RETURNED TO THE CLAIMS ADMINISTRATOR ON OR BEFORE [DATE].

IF SUBMITTED ELECTRONICALLY:

☐     **I agree that by submitting this claim form I certify that the foregoing is true and correct to the best of my knowledge and that checking this box constitutes my electronic signature on the date of its submission.**

IF SUBMITTED BY U.S. MAIL OR FACSIMILE:

**I certify that the foregoing is true and correct to the best of my knowledge.**

Dated:_____          Signature: _____

# EXHIBIT G

### [PROPOSED] FINAL ORDER APPROVING
### CLASS ACTION SETTLEMENT AND JUDGMENT

660538 v3/SD

1

2

3

4

5

6

7

8                               UNITED STATES DISTRICT COURT

9                                      EASTERN DISTRICT

10                                  SACRAMENTO DIVISION

11   | In Re: PAYLESS SHOESOURCE, INC., | Case No. 09-MD-02022 FCD (GGH) |

12   CALIFORNIA SONG-BEVERLY CREDIT
CARD ACT LITIGATION                **[PROPOSED] FINAL ORDER**

13   (This document relates to ALL ACTIONS)   **APPROVING CLASS ACTION
SETTLEMENT AND JUDGMENT**

14
                                      Judge:      Hon. Frank C. Damrell, Jr.
15                                    Location:   Courtroom 2

16   MICHAEL SWANEY, on behalf of himself      Case No. 08-CV-02672 FCD (GGH)
and others similarly situated,

17                       Plaintiff,

18            v.

19   PAYLESS SHOESOURCE, INC., a Missouri
corporation; and DOES 1 through 50,
20   inclusive,

21                       Defendants.

22   JESSICA R. CLARK, individually and on     Case No. 09-CV-01040 FCD (GGH)
behalf of all others similarly situated,
23
                         Plaintiff,
24
              v.
25
     PAYLESS SHOESOURCE, INC.; and DOES
26   1 through 100 inclusive,

27                       Defendants.

28

1    On _____, 2010, this Court heard plaintiffs Michael Swaney's and

2    Jessica Clark's ("Plaintiffs") unopposed motion for final approval of the class action settlement.

3    This Court reviewed: (a) the motion and the supporting papers, including the Settlement

4    Agreement and Release ("Agreement"); (b) any objections filed with or presented to the Court;

5    (c) the parties' responses to any objections; and (d) counsels' arguments.  Based of this review

6    and the findings below, the Court found good cause to grant the motion.

7    **FINDINGS:**

8        1.    The Agreement was fair, reasonable, and adequate.

9        2.    The parties adequately performed their obligations under the Agreement.

10       3.    Defendant Payless ShoeSource, Inc. ("Payless" or "Defendant") provided notice

11   to class members in compliance with Paragraph 3.3 of the Agreement, and the notice satisfied

12   due process and Rule 23(e) of the Federal Rules of Civil Procedure.  The notice: (i) fully and

13   accurately informed class members about the lawsuit and settlement; (ii) provided sufficient

14   information so that class members were able to decide whether to accept the benefits offered, opt

15   out and pursue their own remedies, or object to the proposed settlement; (iii) provided

16   procedures for class members to file written objections to the proposed settlement, to appear at

17   the hearing, and to state objections to the proposed settlement; and (iv) provided the time, date

18   and place of the final fairness hearing.

19       4.    An award to the law firms of Stonebarger Law, APC, Harrison, Patterson &

20   O'Connor LLP, and the Linde Law Firm ("Class Counsel") of $ _____ (total) for

21   attorneys' fees and costs is fair and reasonable in light of the nature of the case, work performed,

22   Class Counsels' experience, and the benefits obtained for the class.

23       5.    An incentive award to Plaintiffs of $_____ (each) is fair and

24   reasonable in light of Plaintiffs' risks (including financial, professional, and emotional) in

25   commencing this action as the Class Representatives, the time and effort spent by Plaintiffs in

26   litigating this action as the Class Representatives, and Plaintiffs' public interest service.

27

28   / / /

**[PROPOSED] FINAL ORDER
APPROVING CLASS ACTION
SETTLEMENT & JUDGMENT**

1  **IT IS ORDERED THAT:**

2      1.    **Class Members.** The class members are defined as:

3      All persons who between January 1, 2008 and the date of entry of
the Preliminary Approval Order purchased merchandise from a
4  Payless ShoeSource, Inc. store in the State of California, used a
credit card to make the purchase(s), and whose personal
5  identification information, including, but not limited to, any
telephone number, was requested and recorded by Defendant.
6

7      2.    **Binding Effect of Order.** This order applies to all claims or causes of action

8  settled under the Agreement, and binds all class members, including those who did not properly

9  request exclusion under Paragraph 7 of the Preliminary Approval of Class Settlement and

10  Provisional Class Certification Order. This order does not bind persons who filed timely and

11  valid Requests for Exclusions. Attached as Exhibit A is a list of persons who properly requested

12  to be excluded from the settlement.

13      3.    **Release.** Plaintiffs and all class members who did not properly request exclusion

14  are: (1) deemed to have released and discharged Defendant from all claims arising out of or

15  asserted in this action and claims released under the Agreement; and (2) barred and permanently

16  enjoined from asserting, instituting, or prosecuting, either directly or indirectly, these claims.

17      4.    **Class Relief.** Defendant will issue a single $10 Savings Voucher to each class

18  member who submitted a valid and timely claim form as provided in the Agreement no later than

19  twenty-five (25) calendar days after the Final Settlement Date, which is defined under Paragraph

20  1.12 of the Agreement.

21      5.    **Attorneys' Fees and Costs.** Class Counsel are awarded

22  $_____ (total). Defendant must pay Class Counsel this amount according to

23  the manner and timeline set forth in Paragraph 2.5 of the Agreement.

24      6.    **Incentive Award.** Plaintiffs Michael Swaney and Jessica Clark are awarded

25  $_____ (each) as an incentive award. Defendant must pay Plaintiffs this

26  amount according to the timeline set forth in Paragraph 2.4 of the Agreement.

27

28  / / /

**[PROPOSED] FINAL ORDER
APPROVING CLASS ACTION
SETTLEMENT & JUDGMENT**

1        7.    **Court's Jurisdiction**.  Pursuant to the parties' request, the Court will retain

2  jurisdiction over this action and the parties until final performance of the Agreement.

3

4  DATED:_____     _____

                                                UNITED STATES DISTRICT COURT JUDGE

5

6  660546 v2/SD

**[PROPOSED] FINAL ORDER
APPROVING CLASS ACTION
SETTLEMENT & JUDGMENT**

UNITED STATES JUDICIAL PANEL ON MULTIDISTRICT LITIGATION, MDL No. 2022
IN RE: PAYLESS SHOESOURCE, INC. CALIFORNIA SONG-BEVERLY CREDIT CARD ACT
LITIGATION

## CERTIFICATE OF SERVICE

I am a citizen of the United States and am employed in Sacramento County. I am over the age of eighteen (18) years and not a party to this action; my business address is 75 Iron Point Circle, Suite 145, Folsom, California 95630.

On April 30, 2010, I caused to be served the following document(s):

**DECLARATION OF GENE J. STONEBARGER IN SUPPORT OF PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

to each of the parties herein as follows:

**Please see attached Panel Service List**

☒ **BY ELECTRONIC MAIL TRANSMISSION:** A PDF format copy of such document(s) was sent by electronic mail transmission through the CM/ECF system to each such person at the e-mail address listed above. The transmission was reported as complete and without error.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed at Folsom, California on April 30, 2010.

_____
Yvonne Sabolboro

STONEBARGER LAW
A Professional Corporation

DECLARATION OF GENE J. STONEBARGER IN SUPPORT OF MOTION FOR
PRELIMINARY APPROVAL OF PROPOSED CLASS SETTLEMENT

Docket: 2022 - IN RE: Payless ShoeSource, Inc., California Song-Beverly Credit Card Act Litigation

Status:   Pending on  / /

Transferee District:              Judge:

Printed on 01/09/2009

| ATTORNEY – FIRM | REPRESENTED PARTY(S) |
|---|---|

Doolin, Michelle C.
COOLEY GODWARD KRONISH LLP
4401 Eastgate Mall
San Diego, CA 92121

=> **Phone: (858) 550-6000  Fax: (858) 550-6420  Email: mdoolin@cooley.com**
  Payless ShoeSource, Inc.*

Linde, Douglas A.
LINDE LAW FIRM
9000 Sunset Boulevard
Suite 1025
Los Angeles, CA 90069

=> **Phone: (310) 203-9333  Fax: (310) 203-9233**
  Clark, Jessica R.

Stonebarger, Gene Joseph
LINDSAY & STONEBARGER
620 Coolidge Drive
Suite 225
Folsom, CA 95630

=> **Phone: (916) 294-0002  Fax: (916) 294-0012  Email: gstonebarger@lindstonelaw.com**
  Swaney, Michael*

Note: Please refer to the report title page for complete report scope and key.