# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

# SACRAMENTO DIVISION

| | |
|---|---|
| In Re: PAYLESS SHOESOURCE, INC. CALIFORNIA SONG-BEVERLY CREDIT CARD ACT LITIGATION<br><br>(This document relates to ALL ACTIONS) | **CLASS ACTION**<br><br>Case No. 09-MD-02022 FCD (GGH)<br><br>**FINAL ORDER APPROVING CLASS ACTION SETTLEMENT, AWARD OF ATTORNEYS' FEES & COSTS, INCENTIVE FEES, AND JUDGMENT**<br><br>Date:   December 3, 2010<br>Time:   10:00 a.m.<br>Judge:  Frank C. Damrell, Jr.<br>Dept.:  Courtroom 2 |
| MICHAEL SWANEY, on behalf of himself and others similarly situated,<br>   Plaintiff,<br> v.<br>PAYLESS SHOESOURCE, INC., a Missouri corporation; and DOES 1 through 50, inclusive,<br>   Defendants. | Case No. 08-CV-02672 FCD (GGH) |

| | |
|---|---|
| JESSICA R. CLARK, individually and on behalf of all others similarly situated,<br>　　　　　　Plaintiff,<br>　　v.<br>PAYLESS SHOESOURCE, INC.; and DOES 1 through 100 inclusive,<br>　　　　　　Defendants. | Case No. 09-CV-01040 FCD (GGH) |

On December 3, 2010, this Court heard Plaintiffs Michael Swaney's and Jessica Clark's ("Plaintiffs") unopposed motion for final approval of the class action settlement. This Court reviewed the motion and the supporting papers, including the Settlement Agreement and Release ("Agreement"), and heard counsels' arguments. No objections to the class action settlement were filed or presented to the Court by any Class member. As such, based on the review of the settlement and the findings below, the Court found good cause to grant the motion.

**FINDINGS:**

　　1.　　The Agreement was fair, reasonable, and adequate.

　　2.　　The parties adequately performed their obligations under the Agreement.

　　3.　　Defendant Payless ShoeSource, Inc. ("Payless" or "Defendant") provided notice to Class members in compliance with Paragraph 3.3 of the Agreement, and the notice satisfied due process and Rule 23(e) of the Federal Rules of Civil Procedure. The notice: (i) fully and accurately informed Class members about the lawsuit and settlement; (ii) provided sufficient information so that Class members were able to decide whether to accept the benefits offered, opt out and pursue their own remedies, or object to the proposed settlement; (iii) provided procedures for Class members to file written objections to the proposed settlement, to appear at the hearing, and to state objections to the proposed settlement; and (iv) provided the time, date and place of the final fairness hearing.

　　4.　　An award to the law firms of Stonebarger Law, APC, Harrison, Patterson & O'Connor LLP, and the Linde Law Firm ("Class Counsel") of $ 285,000 (total) for

1 | attorneys' fees and costs is fair and reasonable in light of the nature of the case, work
2 | performed, Class Counsels' experience, and the benefits obtained for the class.

3 |      5.    An incentive award to Plaintiffs of $ 3,500 (each) is fair and reasonable in
4 | light of Plaintiffs' risks (including financial, professional, and emotional) in commencing
5 | this action as the Class Representatives, the time and effort spent by Plaintiffs in
6 | litigating this action as the Class Representatives, and Plaintiffs' public interest service.

7 | **IT IS ORDERED THAT:**

8 |      1.    **Class Members**. The Class members are defined as:

> All persons who between January 1, 2008 and June 21, 2010 purchased merchandise from a Payless ShoeSource, Inc. store in the State of California, used a credit card to make the purchase(s), and whose personal identification information, including, but not limited to, any telephone number, was requested and recorded by Defendant.

     2.    **Binding Effect of Order**. This Order applies to all claims or causes of action settled under the Agreement, and binds all Class members, including those who did not properly request exclusion under Paragraph 7 of the Preliminary Approval of Class Settlement and Provisional Class Certification Order. For purposes of clarification, neither this Order nor the Agreement applies to the claims for relief under the Telephone Consumer Protection Act asserted in the action *Kazemi v. Payless Shoesource, Inc. et al.*, 09-CV-05142 MHP (N.D. Cal.), and only those claims. No person properly requested to be excluded from the settlement.

     3.    **Release**. Plaintiffs and all Class members are: (1) deemed to have released and discharged Defendant from all claims arising out of or asserted in this action and claims released under the Agreement; and (2) barred and permanently enjoined from asserting, instituting, or prosecuting, either directly or indirectly, these claims.

     4.    **Class Relief**. Defendant will issue a single $10 Merchandise Certificate to each Class member who submitted a valid and timely claim form as provided in the Agreement no later than twenty-five (25) calendar days after the Final Settlement Date,

which is defined under Paragraph 1.12 of the Agreement.

    5. **Attorneys' Fees and Costs**. Class Counsel are awarded $285,000 (total). Defendant must pay Class Counsel this amount according to the manner and timeline set forth in Paragraph 2.5 of the Agreement.

    6. **Incentive Award**. Plaintiffs Michael Swaney and Jessica Clark are awarded $3,500 (each) as an incentive award. Defendant must pay Plaintiffs this amount according to the timeline set forth in Paragraph 2.4 of the Agreement.

    7. **Court's Jurisdiction**. Pursuant to the parties' request, the Court will retain jurisdiction over this action and the parties until final performance of the Agreement.

DATE:  December 3, 2010

                        FRANK C. DAMRELL, JR.
                        UNITED STATES DISTRICT JUDGE